CHARLOTTE S. HILBOURN *vs.* CHARLES FOGG & others.

A tenant claiming under an oral lease from a tenant at will is not estopped from maintaining an action of tort in the nature of trespass *quare clausum fregit* for his eviction from the tenement by one claiming under a subsequent written lease from such tenant at will.

TORT in the nature of trespass *quare clausum fregit* against Charles Fogg, Martha McGrath, and two others.

At the trial in the superior court, before *Reed,* J., the plaintiff offered evidence tending to show that McGrath was tenant at will of a dwelling-house in Charlestown, and the plaintiff was in occupation of a room therein, as a tenant at will under McGrath, for a rent payable weekly, and had paid the rent to January 10, 1866; that, on January 11, McGrath made a written lease of the room to Fogg for six months; and that, after giving the plaintiff, on that day, written notice of this lease, and to quit the room in three days, Fogg, with the assistance of McGrath and the other defendants, entered the room on January 20, in the plaintiff's absence, and removed her effects and set them out of doors.

The judge ruled that the action could not be maintained on these facts; directed a verdict for the defendants; and reported the case for revision by this court.

*J. F. Pickering,* ( *C. D. Dunton* with him,) for the plaintiff.

*C. Robinson, Jr.,* for the defendants.

GRAY, J.   The well settled rule of law, by which a tenant who has entered into possession under an oral lease is estopped, so long as he continues in possession under the lease, to deny

the lessor's title at the time of making the lease, as against the lessor, his heirs and assigns, is founded on the injustice of allowing a person, who has obtained possession by admitting the title of another, to deny that title and, in case of failure in proof of it, hold the premises himself. The rule holds good where the actual title of the lessor is that of a mere tenant at will, and applies in every form of action by which the lessor may seek to assert the rights reserved or promised to him in his lease. *Coburn* v. *Palmer*, 8 Cush. 124. *Towne* v. *Butterfield*, 97 Mass. 105.

But it is equally well settled that the tenant is not estopped to deny that since his own entry into possession his lessor's title has expired, either by its own limitation, by the act of the lessor, or by eviction by title paramount; and that, when the estoppel is set up by one claiming as assignee of the lessor, the tenant may show that such assignment was ineffectual to pass the lessor's title. *England* v. *Slade*, 4 T. R. 682. *Doe* v. *Edwards*, 5 B. & Ad. 1065. *Doe* v. *Barton*, 11 Ad. & El. 307, and 3 P. & Dav. 194. *Mountnoy* v. *Collier*, 1 El. & Bl. 630. *London & Northwestern Railway Co.* v. *West*, Law Rep. 2 C. P. 555. *Despard* v. *Walbridge*, 15 N. Y. 377, 378. In *Doe* v. *Barton*, Lord Denman said that if the lessor had been strictly tenant at will of another, no doubt his tenant might have shown the determination of that will on the part of the lessor's lessor.

In this case, the plaintiff occupied her room as tenant at will of McGrath, and, while this tenancy at will continued, might maintain an action against McGrath, or any person claiming under her, for disturbing the plaintiff's possession. *Dickinson* v. *Goodspeed*, 8 Cush. 119. McGrath made a written lease of the room to Fogg, which, if the lessor had had a sufficient title, would have terminated the tenancy at will of the plaintiff, and prevented her from maintaining this action for the removal of her goods. *Curtis* v. *Galvin*, 1 Allen, 215. *Pratt* v. *Farrar*, 10 Allen, 519. But the report finds that McGrath did not own the estate, and was herself a mere tenant at will of the rightful owner; and could not therefore make a valid alienation by written lease which would give Fogg a better title than she had previously granted to the plaintiff. *Cooper* v *Adams*, 6 Cush.

90, 91. This fact is in no way inconsistent with her title as lessor at will of the plaintiff; and the plaintiff, by having entered into possession as her tenant at will, was not estopped to deny that she had any greater estate, and to maintain this action.

*New trial ordered.*