## ASAHEL C. PALMER vs. SARAH E. BOWKER.

A tenant claiming under an oral lease is not estopped to show that his landlord is only a tenant at will, and that therefore a subsequent written lease from this landlord to one .who has sued the tenant for use and occupation as a tenant at sufferance is void.

CONTRACT for the use and occupation of a dwelling-house in Charlestown by the defendant as a tenant at sufferance.

At the trial in the superior court, before *Reed*, J., it was agreed that the defendant in 1868 hired the premises of John B. Bailey by oral contract; that shortly afterwards John B. Bailey gave the plaintiff a written lease of the premises for one year; and that the plaintiff gave the defendant notice to quit, and brought this action to recover for the use and occupation of the premises from that time until she left them. The plaintiff, for the purpose of proving John B. Bailey's title, introduced in evidence a lease to John B. Bailey, for five years from October 1867, from Eben Bailey, the owner of the premises. The defendant thereupon offered to show that this lease was never in fact executed by Eben Bailey, but the judge ruled " that it was not competent for the defendant to impeach the title of John B. Bailey, she having hired the premises of him and occupying the same under him, and that the evidence offered in regard to the lease was incompetent."

The jury returned a verdict for the plaintiff, and the judge reported the case for the determination of this court; if the ruling was incorrect, the verdict to be set aside; otherwise, judgment to be rendered thereon.

*I. S. Morse*, for the defendant.

*C. H. Hildreth*, for the plaintiff.

WELLS, J. This case falls within the principle of the decision in *Hilbourn* v. *Fogg*, 99 Mass. 11. It was there held not to be inconsistent with the relations of a tenant to his landlord, to deny the right of the landlord to convey to another a greater estate than that which the tenant himself derived from his lease.

The form in which the question arises makes no difference. The principle that forbids a tenant to deny the title of his land-

lord, under which he was let into possession, is a rule of pleading as well as of evidence. But proof that his landlord had not such a title as would enable him to create the particular estate which the plaintiff claimed, was not in denial of a title sufficient to sustain the defendant's estate at will; nor of the obligations which grow out of that relation. On the contrary, the defence rests upon the assertion of that relation and those obligations as still continuing. The plaintiff can recover only by showing that they have been terminated by a legal conveyance to himself of a greater estate. The lessor not having a freehold, his right to convey an estate for years to the plaintiff depends upon the validity of his own lease from Eben Bailey. The plaintiff was entitled to show the invalidity of that instrument. *Verdict set aside.*