BRIGHAM *v.* GILMARTIN.

Under the General Statutes, a married woman is capable of buying goods to be held in her own right, and of making herself liable to pay for them : and the liability of a married woman residing in New Hampshire, for goods bought by her in Massachusetts, can be enforced in New Hampshire.

ASSUMPSIT, for goods sold and delivered in 1875. Facts agreed. The goods were intoxicating liquors. The plaintiff was a licensed liquor dealer of Boston, Mass., and his sales of liquor in Massachusetts were lawful. The defendant was a married woman, residing and doing business in Nashua, N. H. The plaintiff's travelling agent received from the defendant at Nashua a verbal order for the liquors, which were delivered by the plaintiff at Boston to a common carrier, who carried them to the defendant at Nashua.

*Geo. Y. Sawyer & Sawyer, Jr.*, for the plaintiff. The sale was complete when the goods were delivered in Boston, and prior to that there was no executory contract for their sale. *Boothby* v. *Plaisted*, 51 N. H. 436 ; *Corning* v. *Abbott*, 54 N. H. 469.

*Bailey & Cutter*, for the defendant. The contract was made in New Hampshire. *Hill* v. *Bank*, 45 N. H. 300.

DOE, C. J. The sale was completed in Massachusetts, where the plaintiff's sales of intoxicating liquor were lawful, and where a married woman, buying property, is liable for the price. *Ames* v. *Foster*, 3 Allen 541 ; *Stewart* v. *Jenkins*, 6 Allen 300. The Massachusetts liability of the defendant to pay for the property she bought is not in conflict with the New Hampshire law of married women *( Messer* v. *Smyth, ante,* p. 298), nor hostile to New Hampshire interests, nor contrary to good morals, and may be enforced here. *Smith* v. *Godfrey,* 28 N. H. 379.

*Judgment for the plaintiff.*

STANLEY, J., did not sit.

SMITH, J., was absent.