CORWIN v. HOOD.

In the construction of written instruments, the intention of the parties is what is sought ; and to ascertain that intention, regard may be had to the nature of the instrument itself, the situation of the parties executing it, and the purpose they had in view.

The enumeration of particular things in a written instrument may exclude others of the same class ; but there is no absolute rule of construction that such enumeration excludes things of a different class, when the general terms used are broad enough to include them.

BILL IN EQUITY, by the administratrix of John F. T. Corwin, praying for an accounting concerning a partnership formerly existing between said Corwin and the defendant.   The defendant pleaded in bar a settlement made between him and said administratrix, and an answer supporting the plea.   The cause having been referred to a master, the paper which the defendant had pleaded as a settlement of the partnership affairs was produced in evidence, as follows :

" Derry, March 1, 1876.   H. P. Hood bo't of Esther Corwin, administratrix, all the interest of the late J. F. T. Corwin in the milk business known under the firm name of Hood & Corwin.   Ice-house, cans and tools belonging to the same also, good will of trade, &c. Said Esther Corwin agreeing not to interfere with the business in any way for the sum of $2500.   All bills to be settled by said Hood as best he can, and one half the receipts paid over to said Corwin free of charge after outstanding bills are all paid to January 1, 1876.   Rec'd payment by note.   Esther Corwin, Adm'x."

It appeared that the defendant had paid $750, in cash, on the note given in payment, and had also paid to the plaintiff the sum of $200 on account of unsettled bills previous to January 1, 1876.

The plaintiff claimed that the agreement of March 1, 1876, did not bar an account, and was only a sale of the milk-car and certain fixtures, and the good-will of the business.   The defendant contended that the agreement between him and the administratrix was a sale of all the personal chattels of the copartnership, and a settlement of all

matters up to January 1, 1876; and that he could be required to account only for money received and paid out subsequent to that date, with unsettled accounts against third parties, as set forth in his answer.

*C. U. Bell* and *Marston,* for the plaintiff.

*Cross & Burnham* and *G. C. Bartlett,* for the defendant.

CLARK, J. Although the writing dated March 1, 1876, pleaded in bar by the defendant, is unskilfully drawn, we think its meaning is apparent when the situation and purpose of the parties, and the subject-matter of their agreement, are considered. In the construction of written instruments, the intention of the parties is what is sought; and to ascertain that intention, regard may be had to the nature of the instrument itself, the situation of the parties executing it, and the purpose they had in view. In the present case, it appears that Hood and Corwin had been partners in the milk business for several years preceding the death of Corwin, which occurred December 14, 1875. The plaintiff is the widow and administratrix of Corwin. March 1, 1876, the plaintiff, as administratrix of her husband, and said Hood, made certain agreements contained in the written instrument signed by the plaintiff and set out in the defendant's answer; and a note for twenty-five hundred dollars was signed by the defendant and delivered to the plaintiff. Under these circumstances, there is no doubt as to the object the parties had in view. It was a settlement of the partnership affairs, either wholly or in part, and, considering the whole instrument, we think it must be interpreted and construed as a full settlement of all the partnership affairs. It commences " Derry, March 1, 1876. H. P. Hood bo't of Esther Corwin, administratrix, all the interest of the late J. F. T. Corwin in the milk business known under the firm name of Hood & Corwin." There is no ambiguity about the language. The words are, " all the interest * * * " and the parties must be understood to mean, what they said, that all of Corwin's interest in the milk business was conveyed to Hood, unless there is something in the subsequent parts of the instrument indicating an intention to limit and restrict the interest conveyed.

It is contended that the words "ice-house, cans, and tools belonging to the same also, good will of trade, &c.," should be construed as limiting and restricting the phrase " all the interest in the milk business" to those particular matters; but looking at the whole instrument, we see nothing requiring such a construction. The enumeration of particular things in a written instrument may exclude others of the same class; but there is no absolute rule of construction that such enumeration excludes things of a different class, when the general terms used are broad enough to include them. A written instrument should be so construed as to give effect to all its parts; and gen-

eral terms will not be restricted when the whole instrument shows that the parties did not intend any restriction by the enumeration of particulars.   If Hood & Corwin had kept a country store, and the writing had read, "all the interest in the business known under the firm name of Hood & Corwin.   Corn and flour, counters and scales also, good will of trade, &c.," it would hardly be claimed that all other articles comprising the stock in trade were excluded because these few articles were enumerated.   Besides, the use of the character " &c." indicates that the things particularly enumerated did not include everything intended to be conveyed ; and therefore the particular enumeration was not intended as a restriction of the general terms previously used.

The provision in the agreement relating to the payment of the debts of the firm, and the collection of the debts due the firm, by the defendant, and the arrangement that one half of the balance of the receipts remaining after the payment of the debts should be paid to the plaintiff, indicate that the parties intended to make a full settlement of all the partnership business.   For the interest of Corwin's estate in the milk business, which was then determinable, the defendant agreed to pay the sum of twenty-five hundred dollars, and the balance of the surplus of the debts due the firm over the liabilities was to be divided equally when it was determined.

Our conclusion is, that the construction of the writing contended for by the defendant is correct ; and, as the case now stands, the defendant's plea is *prima facie* a good bar to the plaintiff's action. *Hancock* v. *Carlton*, 6 Gray 54.

*Case discharged.*

BINGHAM, J., did not sit.