### NOYES AND WIFE *v.* HEMPHILL.

In a deed of lot A, a reservation of the right to draw water from a well on that lot for the family occupying lot B, gives the occupant of lot B the

right to draw water for the ordinary purposes of a family, but not for the additional use of a bakery.

Husband and wife cannot recover joint damages for the infringement of such a right when it does not appear that their right is joint.

CASE, for polluting the water of the defendant's well, the right to draw water from which is alleged to have been appurtenant to a dwelling-house of which the plaintiffs were seized. Facts found by a referee, who awarded the plaintiffs joint damages. A former owner of lots A and B conveyed A to the defendant, reserving the right to draw water by means of a pipe from the well on A for the family occupying B, and afterwards conveyed B to the plaintiff, Mrs. Noyes. At the time the well was polluted, the plaintiffs were drawing water from it for family use on B, and also for a bakery carried on by Mr. Noyes.

*Albin & Streeter* and *S. G. Lane*, for the plaintiffs.

*Gould* and *Mugridge*, for the defendant.

SMITH, J. The extent of the easement in the defendant's premises is defined in the reservation in the deed from his grantor. The reasonable interpretation of the language of the reservation is, that the occupant for the time being of the plaintiffs' premises can draw water from the defendant's well only for the ordinary purposes of a family. The use of an easement is to be confined strictly to the purposes for which it was granted. *French* v. *Marstin*, 24 N. H. 440, 451; Washb. on Easements 186. The plaintiffs have no right to draw water from the defendant's well for the use of a bakery.

Any one in possession of premises to which an easement belongs may have an action for the disturbance of the enjoyment of the same. Washb. on Easements 570; *Foley* v. *Wyeth*, 2 Allen 135. A tenant may have his action for the disturbance, and if it be an injury to the inheritance, an action will be in favor of a reversioner. *Hastings* v. *Livermore*, 7 Gray 194. But the tenant and reversioner cannot be joined, for they have no joint cause of action. The plaintiffs allege a joint seizin, but the evidence shows the wife alone seized. She might sue alone if she has been injured in her inheritance; and her husband might sue alone if he was occupying the premises as the tenant of his wife, and has been injured in his occupancy; or if they were joint occupants of the premises, and have been injured in their joint occupancy, they may jointly recover. It does not appear whether the husband occupies the dwelling as tenant of his wife under some lease or agreement to pay her rent therefor, or whether she is sole occupant as well as owner, having actual possession and control, and he a mere servant or guest, or whether they are joint occupants. The character of his possession is a question of fact to be determined upon evidence. *Albin* v. *Lord*, 39 N. H. 196, 205. Marriage is not such an institu-

tion that it prevents a joint recovery, if the occupancy of the wife's land is joint by herself and husband.    She can lease her real estate to him—*Albin* v. *Lord*, 39 N. H. 196, 205—and they are competent to occupy it jointly upon an express or implied agreement, as two men may jointly occupy a farm, or two women jointly occupy a dwelling, or an unmarried man and woman may occupy a store as copartners in trade.

The report may be recommitted for a further hearing upon the character of the plaintiffs' occupation, or for striking out one of the plaintiffs if their occupation is not joint.

*Case discharged.*

FOSTER, J., did not sit: the others concurred.