## STATE v. HAYES.

Whether a husband, carrying on a farm owned by his wife and held by her to her own use, occupying with her the dwelling-house thereon, taking the crops annually, and having the general management of the premises, is tenant, or servant, of his wife, is a question of fact, and on that question there is no presumption of law changing the burden of proof.

INDICTMENT, for the manslaughter of Mr. Angell. The defendant killed Angell, and claimed that he killed him in self-defence. The evidence tended to show the following facts:—The title of the house in which the homicide occurred, and the premises connected therewith, was in Mrs. Angell, the wife of the deceased. She held the property to her sole and separate use, free from the control or interference of her husband. The deceased and his wife lived there together. He carried on the farm, and they occupied the house. He took the crops annually, and had the general control and management of the premises. She owned the live stock. Shortly before the homicide he wished to take her oxen to go to Bradford for cider, but she refused to let him have them for that purpose, or to let him put the cider in the cellar. He did not take the oxen, or get the cider. On the day of the homicide, the defendant went to the house, at her request, to protect her from violence apprehended from her husband. Mr. Angell ordered the defendant to leave the house, but he remained.

The court instructed the jury that if the title of the house and other property was in Mrs. Angell, and if her husband was living with her as the head of the family, and occupying the same, taking the crops, and carrying on the farm, the presumption would be that he was occupying as the tenant of his wife, and not as her agent or servant; but it was for the jury to say, from all the evidence, whether he was occupying as tenant, or agent and servant, of his wife. To these instructions the defendant excepted. Verdict, guilty.

*Wait* and *Wadleigh*, for the defendant.

This case is to be distinguished from *Albin* v. *Lord*, 39 N. H. 196. In that case the husband managed his wife's farm and took the profits as if he were the actual owner, without her objection. But in this case the wife asserted and exercised control over her husband's management. The facts tend to show he was her agent in managing the farm and disposing of the income, rather than her tenant. She had the right to assert and exercise control over her property. Every woman holds to her own use, free from the interference of her husband, all property earned, acquired, or inherited by, bequeathed, given, or conveyed to her. G. L., c. 183, *s.* 1. The husband may, indeed, select the home of his family, and require them to accept his selection. But if he choose to select for such home his wife's estate, he does so subject to her right to control its possession.

*The Attorney-General*, for the state.

*Albin* v. *Lord* is decisive of the question of tenancy. But whether the deceased was the tenant of his wife or not, is unimportant. A verdict will not be disturbed for any error in the rulings or the charge of the court, if the result could not have been affected thereby. The fact that the wife owned the premises did not constitute her the sole judge as to the company the husband should associate with in the house where he lived; otherwise the doctrine of the common law is overturned, and the husband has no rights that he can enforce, or that any interloper or paramour of the wife is bound to respect. The consideration of the rights of property ownership does not enter into the question. The wife may have separate and distinct rights in regard to her own property, but the husband cannot be ousted from his position and authority as the head of the family, or deprived of the right to protect the honor and good name of his wife, and resist the interference of others in his domestic affairs.

BINGHAM, J. The question whether Mr. Angell was the tenant, or the servant, of his wife, was a question of fact; and on that question there was no presumption of law transferring the burden of proof from the state to the defendant. If the contrary rule is laid down in *Albin* v. *Lord*, 39 N. H. 196, 205, it cannot be sustained. *Bickford* v. *Dane*, 58 N. H. 185; *Noyes* v. *Hemphill*, 58 N. H. 536; *State* v. *Hodge*, 50 N. H. 510; *Savings-Bank* v. *Getchell*, ante, 281.

*Verdict set aside.*

STANLEY, J., did not sit: the others concurred.