KEYSAR v. COVELL & a.

62  283
67  561
68  134

The deed of W. to stand seized of his premises to the use of himself and wife for life, then in fee to C., with a covenant with Y. that "Y. is to have the water from a certain spring where it now runs in the aqueduct, as long as he or his heirs shall want it," conveys no interest in the water of the spring to C., and the clause relating to the water is a grant of it with the right of aqueduct to Y.

Y. having laid the aqueduct from his premises to the spring before the deed was made, and having for more than twenty years maintained the aqueduct, and enjoyed the use of the water in that way under a claim of title, without interruption, and with no objection from any one, the giving of the deed and Y.'s acceptance of it was no limitation of his right, but a recognition of it by W., and he acquired a title to the water and an easement for the aqueduct, which passed by the subsequent deed of his premises to his grantees.

CASE, for disturbing the water of a spring. The plaintiff has an aqueduct by which he takes the water from a spring on the defendants' land to his house upon his own land. In 1842 Jeremiah Young owned and occupied the plaintiff's premises, and Isaiah Willey the defendants'. Before that time Young had constructed the aqueduct, and was then enjoying the use of the water of the spring. That year Willey made a deed of his land to stand seized of the premises for the use of himself and wife for their lives, and then in fee to William Covell; and in the same deed he covenanted with Young in these words,—"And I, the said Isaiah Willey, also agree with the said Jeremiah Young, that the said Young is to have the water from a certain spring where it now runs in the aqueduct, as long as he or his heirs shall want it." Willey died before the 10th of March, 1844, and on that day Covell, by quitclaim deed, released to the defendant Joseph Y. Covell all his interest in the land conveyed by Willey; and in August of the same year, Charlotte Willey, widow of the deceased, by deed of warranty conveyed to Joseph Y. the same land which is now held by him under those deeds. In Charlotte's deed was this reservation: "I hereby agree to reserve a certain spring of water for Jeremiah Young, of Colebrook, agreeable to a conveyance made by Isaiah Willey to said Young." Young continued to occupy his premises, and maintained the aqueduct and enjoyed the use of the water of the spring without objection until 1867, when he conveyed his land, including the spring, to Leavitt, who occupied the land and used the water in the same way for about a year, when he conveyed the land and spring to the plaintiff, who has been possessed of the land and has enjoyed the use of the water without objection until 1877, when the defendants, denying the

plaintiff's ownership of the spring, disturbed the water, and rendered it unfit for use, for which the referee has assessed damages. Both defendants jointly occupy the Covell land. The ownership of the spring is the only question in dispute.

*T. F. Johnson* and *W. H. Shurtleff*, for the defendants. Young acquired nothing by the deed of Willey, because (1) he was not a party to the deed. Cru. Dig. (2) There are no·apt words of conveyance of anything to Young. 3 Wash. R. P. 380; *Brown* v. *Manter*, 21 N. H. 528. (3) There was no delivery of the deed to Young. *Williams* v. *Sprigg*, 6 Ohio St. 585.

The clause cannot take effect as a reservation being made to a stranger. 3 Wash. R. P. 370, 377; Wash. Ease. 30. The clause is only evidence of a license, which is not transferable to the assigns of Young, and could not extend beyond the. rights of the licensor, and these terminated with his death leaving Covill the entire estate.

The plaintiff could not acquire a title by prescription, because he was holding under a clause in the deed which limited the use of the water to Young and his personal representatives. Wash. Ease. 124, 125; 2 Gr. Ev. 545.

*Bingham, Aldrich & Remich,* for the plaintiff. The intention of the parties to the deed of Willey was that Young and his heirs should have the water of the spring; and the only construction that can prevail must be that which will give effect to that intention. *Webster* v. *Atkinson*, 4 N. H. 21; *Moulton* v. *Robinson*, 27 N. H. 556; *Bell* v. *Woodward*, 46 N. H. 315; *Forest* v. *Jackson*, 56 N. H. 357. If the spring was not conveyed to Young by the clause intended for that purpose, it certainly was an exception of the spring from the premises conveyed to the defendants' grantors, and the defendants can set up no title against the plaintiff's claim. *Knight* v. *Mains*, 12 Me. 41; *Hodge* v. *Boothby*, 48 Me. 68; *Iron Company* v. *Reymert*, 45 N. Y. 707; *Corning* v. *Factory*, 40 N. Y. 209; *Ill. C. R. R. Co.* v. *Ind. Railway Co.*, 85 Ill. 211; *Wickham* v. *Hawker*, 7 M. & W. 63; 3 Wash. R. P. 640. If title by the Willey deed should fail, the plaintiff has a good title by prescription acquired by Young before the conveyance to him. *Roberts* v. *Roberts*, 55 N. Y. 275; *Allan* v. *Gomme*, 11 A. & E. 759; *Sutrell's Case*, 4 Rep. 86; Wash. Ease. 658.

ALLEN, J. The clause in the deed of Willey, relating to the use of the water of the spring, designated Young as the person to whom, by express agreement, the water of the spring was given, and he was a sufficient party to the deed to take the thing granted. The true construction of this clause in the deed is found by ascertaining the intention of the parties (*Houghton* v. *Pattee*, 58 N. H.

326, *Morse* v. *Morse*, 58 N. H. 391, *Corwin* v. *Hood*, 58 N. H. 401);
and nothing is plainer than Willey's intention to convey to Young
and his heirs the water of the spring and the right of maintaining
an aqueduct from it to Young's premises.   After so long a period
of time, with continuous possession and enjoyment by the grantee
of the thing granted, the assent of the grantee and the delivery of
the deed will be presumed.   *Canning* v. *Pinkham*, 1 N. H. 353;
*Peavey* v. *Tilton*, 18 N. H. 151.   If the clause giving the water to
Young cannot be regarded as a good conveyance to him, it is at
least an exception of so much from the grant to Charlotte Willey
and William Covell, under whose deeds the defendant holds his
title, and he can claim no more than they had to convey.   The
defendants' grantors were parties to the Willey deed; and by
accepting it they were bound by all its terms, and they, with the
defendant in privity holding under them, are estopped from claim-
ing the water of the spring, which in the same deed was excepted
from the terms of their grant and expressly given to Young.   If
the grant of the water was limited in use to Young and his family
descendants by the words " so long as they may want it" (*Noyes*
v. *Hemphill*, 58 N. H. 536), the conveyance by Young did not ope-
rate as a forfeiture of which the defendants can take advantage.
The grant failing by breach of the condition, the thing granted
would revert to the heirs of Willey, and not to the defendants to
whose grantors the water was never conveyed.   *Dow* v. *Edes*, 58
N. H. 193.   As against the defendants having no title, the title of
the plaintiff in possession is good.

Irrespective of the grant by deed, the plaintiff has an indefeas-
ible title by prescription to the water of the spring, and the right
to carry it to his premises through his aqueduct.   Before the deed
of Willey was made, Young, then owning the premises now pos-
sessed by the plaintiff, was using the water of the spring through
an aqueduct constructed by him to his own land, and he continued
to maintain the aqueduct and use the water, under claim of right,
without interruption and without objection from any one for more
than twenty years.   This gave Young a good title to the water
and the aqueduct right, which title by subsequent conveyances the
plaintiff holds.   *Watkins* v. *Peck*, 13 N. H. 360.   It does not ap-
pear in the case that Young sought the conveyance made by Wil-
ley, and so admitted that he was not holding under claim of right.
*Id.*, *p.* 372.   The clause in the deed giving Young the water may
be regarded as a recognition of Young's claim, and not an inter-
ruption or denial of it.   The plaintiff having shown a title to the
water of the spring, and the disturbance by the defendants of his
enjoyment of it, he is entitled to recover in this action for the
injury.   *Noyes* v. *Hemphill*, *supra*.

*Judgment for the plaintiff.*

Doe, C. J., did not sit: the others concurred.