CHARLES O. STREETER *vs.* ALDEN D. ILSLEY & another.

Middlesex.   March 9, 1888. — May 8, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Landlord and Tenant — Assignee of Landlord — Denial of Title —*
*Estoppel — Estate at Will — Burden of Proof.*

A tenant is estopped to deny the title of his landlord's assignee to the same extent as that of the landlord.

The burden is on a tenant at will, who denies that his landlord's written lease to another terminates his estate, to prove that such lease conveys either no estate at all, or one not greater than the estate at will.

ACTION on the Pub. Sts. c. 175, to recover possession of a parcel of land in Lowell. At the trial in the Superior Court, before *Pitman,* J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions, the substance of which appears in the opinion.

*A. G. Lamson,* for the defendants.

*G. A. A. Pevey,* for the plaintiff.

DEVENS, J. The defendants were tenants at will of one Kingsley and one Woodward, paying them a monthly rent for the premises occupied. The defendants neglected for some months to pay the rent agreed, and Kingsley and Woodward made a written lease of the premises, under seal, to the plaintiff, who gave written notice of that fact to the defendants, requiring them to remove from the premises within a time specified, which was admitted to be reasonable. At the expiration of the time, this summary process was brought by the tenant to compel the defendants to surrender the premises. At the trial, the defendants requested, in various forms, the court to rule, that if a written and sealed lease for one year from their former landlord to the plaintiff was

relied on as terminating the estate at will of the defendants, it must be affirmatively proved by the plaintiff that the title of such landlord was of such a character as to be susceptible of alienation, and that there was no presumption that the landlord's title was of that character. The defendants conceded that, if the landlord's title was such that he could make a valid written lease, it would operate to destroy their estate at will, but contended that the burden of proof was upon the plaintiff to show this.

A question similar to this has often been discussed, where the assignee from the lessor of a written lease has sought to enforce the covenants against the lessee, and it appears to be fully settled that the lessee is estopped to deny the title of the assignee of the lessor to the same extent that he is that of the lessor. While he cannot deny that the lessor had title at the time he entered under him, he may show that the title has expired, that he has been evicted by title paramount, and make such other defences as he may against the landlord. The note of Sergeant Williams in 2 Saunders, 418, is, " Where the grantor or lessor has nothing in the lands at the time of the grant or lease, and therefore no interest passes out of him to the grantee or lessee by the grant or lease, but the title begins by the estoppel which the deed creates between the parties, such estoppel runs with the land, into whose hands soever it comes, whether heir or assignee." This note is adopted in *Cuthbertson* v. *Irving*, 4 H. & N. 742, as a correct statement of the law, and the cases on the subject are carefully collected by Baron Martin. In *Cuthbertson* v. *Irving*, 6 H. & N. 135, in the Exchequer Chamber, it was held that the plaintiff, who was the assignee of the reversion of a lease, might establish his title by estoppel, and that, as no other legal estate or interest was shown to be in the lessor, it must be taken as against the lessee by estoppel that the lessor had an estate in fee. Where A. hired apartments of B., who then let the entire house to C., who sued A. in an action for use and occupation, it was held that, as A. could not impeach the title of his original landlord, he could not that of his grantee. *Rennie* v. *Robinson*, 1 Bing. 147.

Where a tenant would be estopped from disputing the title of his landlord, says Mr. Chitty, he is also estopped from disputing that of his assignee. Chit. Con. (11th Am. ed.) 463. The rule

that a tenant shall not impeach the title of his landlord is one of convenience, whose tendency is to prevent fraud and to facilitate the letting of estates; and, when the tenant has entered under the plaintiff's grantor, and maintains the possession thus acquired, as well as when he has entered under the plaintiff, it would seem that he should by proper evidence bring himself within the exceptions to the rule. The considerations which dictate the rule in favor of the landlord's title apply with equal force to that of his assignee, and the tenant is not injured when his rights as against the landlord are primarily, at least, made the measure of his rights against the assignee.

While the precise question raised by the defendants in the case at bar has not in terms been passed upon in this court, it appears to have been fully recognized that it was for the tenant, by evidence as against the assignee of his original lessor, to bring himself within the exceptions to this rule. Thus, in *Cobb* v. *Arnold*, 8 Met. 398, the opinion of Mr. Justice Hubbard recognizes that one entering by permission of the grantor of the plaintiff is in the same position as if he had entered by permission of the plaintiff. In *Howard* v. *Merriam*, 5 Cush. 563, 567, it is said by Chief Justice Shaw, speaking of the summary landlord and tenant process, " This seems to extend to every species of lease, . . . and to every lessor, assignee of the lessor, or reversioner, whether by act of law, or assignment *in pais*." In *Dunshee* v. *Grundy*, 15 Gray, 314, the tenant had actually paid rent to the assignee of one Bundy, who was the original lessor, but the instruction given, which was held correct, was, " that a technical attornment by the tenant was not necessary; that the assignment by Bundy to the plaintiff, accompanied by notice of it to the defendants, created the relation of landlord and tenant between the plaintiff and the defendants."

When a tenant is compelled to admit a title in the landlord under whom he occupies as tenant at will, he must be held to admit this not merely as authorizing the landlord to collect rent or compensation for use and occupation, but also as *prima facie* authorizing the landlord to do those acts which the owner of property may lawfully do, among which is the right to terminate an estate at will by a conveyance of the property. If it is otherwise, the burden of showing this should be on the tenant.

The defendants rely much on the cases of *Hilbourn* v. *Fogg*, 99 Mass. 11, and *Palmer* v. *Bowker*, 106 Mass. 317, and urge that their position is a necessary corollary therefrom. In *Hilbourn* v. *Fogg*, the rule, as stated by Mr. Justice Gray, places the tenant in the same position in regard to the assignee as to the lessor, and holds that the tenant is estopped to deny the lessor's title at the time of making the lease, as against the lessor, his heirs and assigns. In these cases, the tenant had assumed the burden of proof, and had offered to rebut the estoppel arising from his having entered under the landlord whose assignee or grantee brought the suit. It was held in them, that it was not inconsistent with the relations of a tenant to deny the right of the landlord to convey to another a greater estate than that which the tenant himself derived from his lease, and that, further, he might show that an assignment made by the landlord was ineffectual to pass the landlord's title. But these decisions go only to this extent.

Many cases have arisen where the assignee was a subsequent mortgagee, the tenant being the lessee of the mortgagor. While in these it has been held that the tenant might show that no estate passed to the mortgagee, our attention has not been called to any in which it has been held that the burden of proof, where a conveyance was in proper form, to show affirmatively that an estate did pass, was on the assignee. It was only after some controversy, indeed, that the right of the tenant to show that the landlord had no right to convey any title, or one greater than that of the tenant, was established. *Hilbourn* v. *Fogg*, *ubi supra*, and cases cited. When a tenant has accepted an estate at will, and is estopped to deny that the landlord had originally a title to grant it, and when the ordinary effect of alienation by written lease of one having title is to determine the estate at will, the tenant should be held to prove either that the landlord could not convey at all, or could not convey a title greater than that of the tenant.                    *Exceptions overruled.*