CHARLES O. STREETER vs. ALDEN B. ILSLEY & another.

Middlesex.　January 23, 1890. — February 28, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Mortgage — Foreclosure — Notice of Sale.*

An advertisement of a sale recited that, by virtue of a power contained in a mortgage, " will be sold at public auction, for breach of the conditions contained in said mortgage deed, on Wednesday, the 30th of June, 1886, at nine o'clock in the forenoon, on the premises, which are described as follows, viz. a certain parcel of land " described by metes and bounds, and " comprising all of lot lettered F on a plan of land in L." *Held,* that the notice sufficiently described the premises to be sold, and that a sale under it conveyed a good title.

ACTION on the Pub. Sts. c. 175, against Alden B. Ilsley and Philip H. Ilsley, to recover possession of a parcel of land in Lowell. At the trial in the Superior Court, before *Bishop,* J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions, which appear in the opinion.

*A. G. Lamson,* for the defendants.

*C. S. Lilley,* for the plaintiff.

DEVENS, J. It is urged by the defendants, that the power of sale contained in the mortgage made by them to the Andover Savings Bank of the premises of which possession is sought by this process was not legally executed, and thus that no title passed to Kingsley and Woodward, who were the purchasers at the sale. The plaintiff claims the premises by virtue of a written lease, under seal, from Kingsley and Woodward, and the defendants are lessees at will of Kingsley and Woodward, and had attorned to them after their purchase and the delivery of the deed to them from the Andover Savings Bank. The defendants contend that the estate that passed by the sale to the plaintiff's lessors, and from them to the plaintiff, was only the estate of a mortgagee before foreclosure, and that such estate is less than the estate at will of the defendants, or at least cannot, as matter of law, be said to be greater. *Palmer* v. *Bowker,* 106 Mass. 317. *Streeter* v. *Ilsley,* 147 Mass. 141.

We shall not have occasion to examine the force of this contention, as we are of opinion that its basis is erroneous, and that

it cannot be successfully maintained that the power of sale under which Kingsley and Woodward obtained title was executed defectively. The only ground upon which this sale was sought to be impeached is that the form of notice thereof as published was insufficient. The advertisement was as follows : " By virtue of a power of sale contained in a certain mortgage deed, given by Alden B. Ilsley and Philip H. Ilsley to the Andover Savings Bank, of Andover, in the county of Essex, dated April second, A. D. 1884, and recorded Middlesex Northern District deeds, libro 166, folio 105, will be sold at public auction, for breach of the conditions contained in said mortgage deed, on Wednesday, the thirtieth day of June, 1886, at nine o'clock in the forenoon, on the premises, which are described as follows, viz. : a certain parcel of land with the buildings thereon, situate in Lowell, in said county of Middlesex, and bounded : [here followed a description of the land by metes and bounds.] Comprising all of lot lettered F on a plan of land in Lowell, drawn by Osgood and Snell, June, 1881, for Paul Litchfield and Livingston and Chase."

The defendants urge that this notice does not state what the mortgagee intended to sell, and that the description by metes and bounds is not a description of the premises to be sold, but merely of the place where the sale is to be held. We think that no person on reading this notice would doubt that the words " will be sold " were connected with the words " a certain parcel of land " as described, and that the sale was to take place on the premises described as those which were to be sold. While the phraseology of the advertisement is susceptible of grammatical improvement, it is not possible that any one could have been deceived thereby, or have failed to understand what was to be sold, and where it was to be sold. *Commonwealth* v. *Call*, 21 Pick. 515, 521. If there was any doubt on this point, it would be removed also by examining the words which follow the description by metes and bounds. These words, " comprising all of lot," etc., can have no reference to the premises on which the sale is to take place, but describe that which is to be sold, and are a sufficient description of it.

As the parties executing the power have acted in good faith, as it is found, and as there is no evidence that any one was

actually misled, and as we can see no reason why any one should have been misled, the lessors of the plaintiff must be deemed to have obtained a title in fee, which authorized them to convey by lease to the plaintiff a title superior to that of the defendants as tenants at will.　　　*Exceptions overruled.*