Hillsborough, }
June 1, 1909. }

## Kimball *v.* Kimball.

When there is a conflict between the *lex loci* and the *lex fori*, the former governs both in torts and in contracts; and whatever would constitute a defence to an action of assumpsit brought in the jurisdiction where the transactions occurred is a defence here.

When the law of a sister state is material, it is to be proved like any other fact; and in the absence of proof, there is a presumption that the common law prevails.

The common-law rule which refused to recognize contracts between husband and wife is followed in this state, except as modified by statute.

A contract between husband and wife may be enforced in equity, upon proof that the agreement is just and fair, and is one which equitably ought to be enforced.

Assumpsit, by a wife, to recover from her husband $3,000 received by him for a farm and $900 interest on that sum, and for rents and profits of her real estate. Trial by jury and verdict for the plaintiff for $3,250. Transferred from the May term, 1908, of the superior court by *Stone*, J.

The farm was once the property of the husband, and was deeded by him to his wife before their lawful marriage, but while they supposed they were husband and wife. After the impediment was removed they were lawfully married. Her evidence tended to prove that she thereafter deeded the farm, upon his promise to pay over to her the proceeds; while his evidence was to the effect that he never gave the farm to her, but that she held the title in trust for him. He also offered to show in defence that after this suit was brought she broke open his safe and took therefrom $5,500. This defence was ruled out because it accrued after the suit was brought. The property was situated in Vermont, and the parties lived there and in Massachusetts during the time covered by these transactions. There was no proof of the law of either state. Toward the close of the trial the plaintiff filed a bill in equity in aid of her suit at law. Subject to exception, the court denied the defendant's motion for a nonsuit, and submitted the case to the jury upon the issue "Whose farm was this—the plaintiff's or the defendant's?"

*Doyle & Lucier* (*Mr. Lucier* orally), for the plaintiff.

*Wason & Moran* (*Mr. Moran* orally), for the defendant.

PEASLEE, J. As between the *lex loci* and the *lex fori*, the former governs both in torts and contracts, in respect to the legal effect and incidents of the acts. Whatever would be a defence to this action if brought in the state where the transactions took place is a defence here. *Beacham* v. *Portsmouth Bridge*, 68 N. H. 382; *MacDonald* v. *Railway*, 71 N. H. 448, 450.

When the law of a sister state becomes material, it is to be proved like any other fact. It cannot be assumed, or found without proof. *Taylor* v. *Barron*, 30 N. H. 78, 100, 102; *Emery* v. *Berry*, 28 N. H. 473, 486. The question is determinable in the trial court. *Jenne* v. *Harrisville*, 63 N. H. 405. As the states in question derive the body of their law from England, it is presumed, in the absence of proof, that the common law prevails. 4 Wig. Ev., s. 2536. The rule adopted in some states, that the law of a sister state will be presumed to be like that of the forum, not only as to the judicially declared law but also as to statutory enactments, is not followed here. *Leach* v. *Pillsbury*, 15 N. H. 137.

As the case now stands, the rights of these parties are governed by the common law as understood and applied in this state. The " stubborn and inflexible principle of the common law" (*Andrews*, J., in *Hendricks* v. *Isaacs*, 117 N. Y. 411), which refused to recognize contracts between husband and wife, has been, and still is, followed here except as modified by statute. *Patterson* v. *Patterson*, 45 N. H. 164; *Burleigh* v. *Coffin*, 22 N. H. 118. The motion for a nonsuit of the action in assumpsit should have been granted.

But it is urged that if a wife has no standing in a court of law she has in equity, that the issues have been tried and a bill in equity has been filed as an amendment, and that therefore she should now have a decree for the amount of the verdict. That she may proceed in equity is settled by the great weight of authority.

"But courts of equity, following in this particular, as in most others, the doctrine of the civil law, have always recognized the wife as possessing a legal entity apart from that of her husband. The moment that the separate existence of the wife was admitted, it followed that the impossibility of recognizing any contractual relations between them at once disappeared. Therefore, courts of equity have never refused to enforce such contracts merely because of any difficulty springing from the common-law doctrine of the unity of husband and wife. The courts do not enforce all contracts between husband and wife, because the power is an equitable one, and to be used for the best interests of all the parties, including their interest as husband and wife. 2 Sto. Eq. Jur., s. 1368; Bisp. Pr. Eq., s. 114." *Garwood* v. *Garwood*, 56 N. J. Eq. 265.

"The unity of husband and wife, by which the legal existence

of the wife was deemed to be merged in that of her husband, preventing them from contracting with each other as if they were two distinct persons, never prevailed in courts of equity. It may be more accurate to say that courts of equity disregard the fiction upon which the common law proceeded, and are accustomed to lay hold of and give effect to transactions and agreements between husband and wife, according to the nature and equity of the case. A court of equity does not limit its inquiry to the ascertainment of the fact whether what had taken place would, as between other persons, have constituted a contract, and give relief, as a matter of course, if a formal contract be established, but it further inquires whether the contract was just and fair, and equitably ought to be enforced, and administers relief where both the contract and the circumstances require it." *Andrews*, J., in *Hendricks* v. *Isaacs*, 117 N. Y. 411.

The contrary holding in Massachusetts finds no support in other jurisdictions and is opposed by a strong minority of the court. *Fowle* v. *Torrey*, 135 Mass. 87. And even in that state the rule is not consistently applied. In a recent case closely resembling the present one relief was granted the wife in equity. *Frankel* v. *Frankel*, 173 Mass. 214.

Even as to rents and profits, which ordinarily belonged to the husband, the wife may be entitled to relief under some circumstances. *Barron* v. *Barron*, 24 Vt. 375, 391.

It does not necessarily follow, however, from the fact that the wife has, or may have, rights enforceable in equity, that the case has been properly tried in an unmaintainable action of assumpsit. While the form of the proceeding may be unimportant, yet when the substance of the right or of the remedy is different, it is important that the latter be correctly administered. In the action of assumpsit the question was merely whether a contract existed. In equity more than this must be shown. It must appear as to the purchase price that the contract is just and fair, and one that equitably ought to be enforced. And as to the rents and profits a strong case for equitable interference must be made out. In the assumpsit suit the counter-claim was disallowed because it arose after suit was brought. The suit in equity was not begun until the bill was filed ( *Clark* v. *Slayton*, 63 N. H. 402), and that was after the inception of the counter-claim. In the suit at law the parties had their jury trial as a matter of constitutional right. In the proceeding in equity there is a preliminary question for the trial court, whether the issues shall be tried by the court or sent to a jury. *Curtice* v. *Dixon*, 73 N. H. 393.

A nonsuit should be entered as to the action in assumpsit. If justice requires the allowance of an amendment by filing a bill in

equity, that relief should be granted upon such terms as seem just; and if that is done, the case will then be in order for proceedings on the equity side of the court.

*Case discharged.*

All concurred.