Rockingham, }
June 4, 1912. }

### Evans *v.* Watkins.

The fact that a husband is in the possession and control of a farm purchased with his funds, but to which his wife has the legal title, warrants the inference that he occupies as tenant, in the absence of evidence that he is her servant or agent.

A tenant of a farm can maintain trespass *quare clausum* against one who enters and cuts grass by virtue of a purchase from the owner of the premises prior to a legal termination of the tenancy.

Trespass *quare clausum*. Trial by the court. Transferred from the April term, 1911, of the superior court by *Pike*, J.

The plaintiff bought the premises in question in 1907 and paid the purchase price from his own money. His wife having refused to live there unless the title was taken in her name, the deed was made to her, and they lived on the premises until 1910. Some months prior to the alleged trespass, the plaintiff's wife left him and subsequently gave the defendant a bill of sale of the standing grass, for which he paid her $50. The trespass complained of is the entry and the cutting and removal of the grass by the defendant. At that time the plaintiff had sowed oats upon a portion of the premises and before the defendant's entry forbade him to enter or cut. If upon the foregoing facts the plaintiff can maintain this action,

a verdict of $50 is found for him; otherwise, there is to be a verdict for the defendant.

*Eastman, Scammon & Gardner*, for the plaintiff.

*Shute & Shute* and *Arthur O. Fuller*, for the defendant.

PARSONS, C. J. The action is trespass *quare clausum*. The court found a verdict for the plaintiff, if the plaintiff could maintain the action upon the facts stated. This, as the finding is expressed, is understood to mean a verdict for the plaintiff if one could be found from the facts reported. The plaintiff was in possession. His possession was a sufficient foundation for the action against the defendant, who had no title unless the plaintiff's wife by the sale of the grass could give the defendant a right to enter upon the land. This she could not give unless she might herself rightfully enter and take the grass. The facts are briefly reported, but they are sufficient to authorize the verdict. Assuming upon the facts stated that the wife was the legal owner of the title, free from the control and interference of her husband, she as owner could not rightfully enter if her husband was rightfully in possession of the premises, unless he occupied as her servant or agent.

In 1907, the plaintiff bought the premises and paid for them, intending to take the deed in his own name. But his wife protesting that she would not go there to live unless the title was taken in her name, the conveyance was made to her; and it is inferred that the family went "there to live" and occupied the premises (which appear to have been a farm) until some months before the alleged trespass, when the husband and wife separated, the husband continuing in the possession, having "sowed oats upon a portion of the premises." From these facts it could be inferred that, although the deed was taken in the wife's name, the husband had the control and management of the farm upon which the family lived.

Where the wife has the legal title to a farm managed and controlled by her husband as if he were the owner, it is held in *Albin v. Lord*, 39 N. H. 196, 204, 205, that, in the absence of evidence to the contrary, it is to be presumed that he holds and occupies as her tenant, under some agreement by which the crops are to be appropriated for the benefit of the family, rather than that he carries it on for her in the capacity of a servant or hired man. But in *State* v.

*Hayes,* 59 N. H. 450, this conclusion was considered to be erroneous, and it was there held that whether the husband occupied as the tenant or servant of his wife was a question of fact. There is no evidence that the husband was the servant or agent of his wife in the management of the farm, or that he went into the occupation of it against or without her consent. Upon these facts the only conclusion that can be reached is that he occupied as her tenant; and no other contract being shown, it must be held that he occupied as tenant at will (P. S., c. 246, s. 1), presumably from the nature of the property as such tenant from year to year. But the wife as owner could not lawfully enter and take the crops against him as tenant at will until the tenancy was legally determined. P. S., c. 246, s. 2; *Plummer* v. *Currier,* 52 N. H. 287, 295, 296; *Dickinson* v. *Goodspeed,* 8 Cush. 119; *Hilbourn* v. *Fogg,* 99 Mass. 11. There was no evidence that the plaintiff's tenancy had been determined prior to the defendant's entry. As the plaintiff was rightfully in possession, he could maintain this action against the defendant claiming under the owner of the premises. It is therefore unnecessary to consider the question of resulting trust and that of the husband's right in the wife's land under the statute (P. S., c. 176, s.1) which have been argued.

*Judgment for the plaintiff on the verdict.*

All concurred.