Grafton, }
Jan. 2, 1917. }

PEOPLES TRUST COMPANY *v.* ARTHUR K. MERRILL & a.

Husband and wife cannot enter into an agreement of copartnership.

ASSUMPSIT, on a promissory note for two hundred and fifty dollars, signed "Merrill & Co." and executed by Arthur K. Merrill. The note was payable to the order of S. B. Withington, and was endorsed to the plaintiff for value, before maturity. It was originally given for the purchase price of a horse bought by the defendants of Withington.

To the finding that "Merrill & Co." is a copartnership consisting of Arthur K. Merrill and his wife, Anna G. Merrill, and that as such they purchased the horse which they still have, the defendant, Anna G. Merrill, duly excepted, claiming that a partnership cannot legally exist between husband and wife.

Transferred from the May term, 1916, of the superior court, by *Sawyer*, J.

*Scott Sloane*, for the plaintiff.

*George W. Pike* and *Fred S. Wright*, for the defendants.

PEASLEE, J. The transferred case does not show in what way the finding excepted to was material to the conclusions which were reached in the superior court. The briefs of counsel indicate that there was a verdict for the plaintiff against the wife, and that this was based upon the finding that there was a partnership between the husband and wife, whereby the husband gained authority to bind her by a partnership note. If this is the situation, the verdict must be set aside.

The common law refused to recognize contracts between husband and wife. *Kimball* v. *Kimball*, 75 N. H. 291. And the statute enlarging the powers of married women provides "that the authority hereby given to make contracts shall not affect the laws heretofore in force as to contracts between husband and wife." P. S., c. 176, s. 2. While the tendency of the law has been "to put husband and wife on an equality with respect to property, torts and contracts" (*Gilman* v. *Gilman*, ante 4), it has not as yet abolished the mutual disabilities which have always been incident to coverture. The

enactment above quoted is a legislative declaration of the continuance of the common law theory in some of these respects.

The present case is broadly distinguishable from *Orr* v. *Merrill, ante* 175, upon which the plaintiff relies. In that case the wife made the contract of purchase which was sued upon, and the question here involved was expressly excluded from what was decided. The suit here being by the indorsee of what purports to be a partnership note, which was executed by the husband, the plaintiff is obliged to rely upon the validity of the partnership agreement to make the note the wife's obligation.

Whether the wife might not be held liable in equity (*Kimball* v. *Kimball, supra*), or in an action of assumpsit brought in the name of the vendor of the horse (*Orr* v. *Merrill, supra*), are questions which the case does not present and which have not been considered.

*Case discharged.*

All concurred.