Grafton,
Jan. 1, 1918.

PEOPLE'S TRUST COMPANY *v.* ANNA G. MERRILL, & a.

A married woman is liable under P. S., c. 176, s. 2, to the vendor of goods on her individual contract to purchase them in partnership with her husband.

ASSUMPSIT, to recover upon a promissory note for $250 dated January 6, 1915, signed Merrill & Co., payable to the order of S. B. Withington and by him endorsed. After the decision in this case, reported *ante*, 329, the plaintiffs filed a bill in equity against the defendants, in aid of and as an amendment to their suit at law, and by leave of court amended the writ by making Sidney B. Withington plaintiff and by adding a count for goods sold and delivered. The following facts were found by the court:

The note in suit is a renewal of a note received by Withington in payment of the purchase price of a horse sold by him in July, 1914, and is held by the People's Trust Co. as collateral security for an indebtedness of Withington to it.   In June, 1914, the defendants, Arthur K. Merrill and Anna G. Merrill, who were husband and wife, came to Withington's house and the defendant Arthur told Withington in the presence of the defendant Anna that they wanted to buy a family horse.   Withington told them that at that time he did not have one but that he would call them up when he had.   Mr. Merrill than said that they would have to give the note of Merrill & Co. for the purchase price if they bought a horse, and Mrs. Withington, who was present, asked who the company was, to which Mrs. Merrill replied that she was the company, that she had put money into the business and was the financial end of Merrill & Company. Subsequently Withington called Mr. Merrill by telephone and told him he had a horse which would suit their requirements, and Mr. Merrill soon after came to Franklin, accepted the horse, and for the purchase price gave the note signed Merrill & Co.   At that time, Mrs. Merrill was away from home and had no knowledge of the telephone conversation between her husband and Withington or of the actual purchase of the horse.   The defendants were in fact partners, conducting various business ventures, amongst them the peddling of fruit and fish and the horse was used in the prosecution of the partnership business.

On these facts, the court was of the opinion that under the decision in this case, *ante*, 329, the action could not be maintained against the defendant Anna, and found a verdict for her, and the plaintiffs excepted.

The question whether upon the above facts the plaintiffs can recover against the defendant, Anna G. Merrill, in any form of action, was reserved and transferred from the May term, 1917, of the superior court by *Branch, J.*

*Scott Sloane,* for the plaintiffs.

*George W. Pike* and *Fred S. Wright,* for the defendants.

PARSONS, C. J.   Since the decision in this case, *ante,* 329, the plaintiffs have been permitted to amend by making S. B. Withington plaintiff.   As the case now stands, the action is to recover the purchase price of a horse, the note given therefor being held by the

People's Trust Co. only as collateral to a debt of Withington's to them. Upon the evidence it could be found the horse was sold to the defendant Anna upon her promise to pay therefor and that she has accepted the horse by using it in her business. She is liable on such a contract. P. S., c. 176, s. 2. *Orr* v. *Merrill, ante,* 175.

This case was originally brought by the plaintiffs as indorsees against Merrill & Co. and it was sought to hold the defendant Anna upon the ground of her liability as partner in the firm of Merrill & Co. It was then held that recovery could not be had against her merely because of her partnership contract with her husband. *People's Trust Co.* v. *Merrill, ante,* 329.

The superior court evidently construed this to mean that she was not liable upon any contract of partnership made with her husband. This was a much broader application of the principle than was intended by the opinion which was understood to be merely that proof of the partnership with her husband was insufficient to establish the liability of the wife upon a promissory note of the partnership, given by the husband. Whether recovery could be had in an action of assumpsit brought in the name of the vendor of the horse was a question expressly excluded from the decision, attention being called to *Orr* v. *Merrill, supra,* in which this defendant Anna was held liable for property bought for the partnership by herself and her husband.

Public Statutes, c. 176, s. 2, gave the wife the same rights and imposed upon her the same liabilities both in contract and tort as if she were unmarried, with the following exception, "*provided, however,* that the authority hereby given to make contracts shall not affect the laws heretofore in force as to contracts between husband and wife; *and provided, also,* that no contract or conveyance by a married woman as surety or guarantor for her husband, nor any undertaking by her for him or in his behalf, shall be binding on her."

At common law, husband and wife could not contract with each other. *People's Trust Co.* v. *Merrill, supra; Kimball* v. *Kimball,* 75 N. H. 291. The first exception of the proviso does not restore the incapacity of the parties at common law, but provides merely that the general power of contract then given the wife should not affect the laws then in force as to contracts between husband and wife. This section was first adopted in 1876. Laws 1876, c. 32. Prior to that enactment the wife had no general power of contract. She could contract only with reference to property held in her own

right. As to such property she could contract as if unmarried. G. S., c. 164, s. 13. By that statute her power of contract was limited as to the property with reference to which but not as to the persons with whom she might contract. Her husband was not excepted. *Perkins* v. *George*, 45 N. H. 453, 454. She could lease her real estate to him. *Albin* v. *Lord*, 39 N. H. 196. He could be her tenant of, or servant on such property. *State* v. *Hayes*, 59 N. H. 450; *Evans* v. *Watkins*, 76 N. H. 433. She could loan him money and enforce payment by suit. *Clough* v. *Russell*, 55 N. H. 279, 280. They might occupy her estate as co-partners or jointly under any agreement they chose to make. *Noyes* v. *Hemphill*, 58 N. H. 536, 538. Under the law as it stood in 1876 husband and wife could make a valid contract of partnership with reference to any property held by her in her own right. Such a contract therefore is not within the exception of the proviso.

In *Messer* v. *Smyth*, 58 N. H. 298, it was held that under the General Statutes in force prior to 1876 the contract of a married woman to pay for land purchased by her was a contract made by a married woman holding property in her own right in respect to such property and binding upon her.

This decision overruled the reasoning of *Ames* v. *Foster*, 42 N. H. 381, if not the exact point of the decision. The same result was reached in *Brigham* v. *Gilmartin*, 58 N. H. 346, upon a married woman's contract to pay for intoxicating liquor purchased by her, the contract being valid because the sale was completed in Massachusetts and not being in conflict with the New Hampshire law of married women.

As under the law then existing, a contract of purchase was a contract with reference to her separate property and as she could make such contract with any person, her husband not excepted, she could make a valid contract to buy of, or with him, as well as to sell to him. She could buy a partnership interest in his property or buy property in partnership with him. Her agreement to buy the horse jointly or in partnership with him is binding upon her.

As she has received the property, her contract to pay for it, however or through whom made, is a contract with reference to property held in her own right and is binding upon her. Retaining the property, she cannot avoid her contract to pay therefor. *Messer* v. *Smyth*, 58 N. H. 298; *Hall* v. *Butterfield*, 59 N. H. 354; *Bartlett* v. *Bailey*, 59 N. H. 408. Whether in equity irrespective of the statute she could retain the property and escape payment (*Batchelder* v. *Sargent*, 47 N. H. 262, 266) need not be considered.

Upon the facts reported, it must be found that the defendant Anna bought the horse herself, or in partnership with her husband. In either event she is liable for the price. The contract is in her own behalf, as an individual, or partner, and not as surety or guarantor for her husband. . .

Upon the facts found, the plaintiff Withington is entitled to a verdict.

*Exception sustained: verdict set aside: verdict and judgment for Withington.*

All concurred.