Hillsborough, }
March 5, 1929. }

WLADYSLAW MAKOWIEC *v.* PRUDENTIAL INSURANCE CO. OF AMERICA.

PRUDENTIAL INSURANCE CO. OF AMERICA *v.*
WLADYSLAW MAKOWIEC *& a.*

548

*Frederick E. St. Cyr*, for the husband.

*Francis W. Johnston*, for the administrator.

*Thorp & Branch*, for the insurer.

ALLEN, J.   It is conceded that the statute (P. L., c. 277, s. 2) providing that the creditors and estate of the insured have no rights to the insurance money as against a third person named in the policy as its beneficiary, has no bearing on the case, nor the statute (P. L., c. 277, s. 9) making a policy incontestable if it has been in force for two years before the death of the insured, except for non-payment of premiums and its violation in respect to military and naval service. The former statute is merely declaratory of the rights of a beneficiary other than the estate of the insured, and the latter statute limits only the rights of the insurer.

The bill to reform the policy was properly dismissed, since other relief is adequate. If the wife held the interest of her estate as a beneficiary of the policy in trust for her husband, notwithstanding the insurer's refusal to conform the policy to the arrangement between them, reformation of the policy becomes immaterial. The insured having died childless, there is no interest opposed to that of the husband except the interest of the administrator who represents the right of the insured. The insurance money in dispute is a fund available to be paid the husband if he establishes his right to it, and will satisfy his claim. It is therefore unnecessary to consider the question whether, if relief could not be otherwise given, the husband might establish the right to be named as the beneficiary of the policy in some way under the principles of reformation.

The husband avers an agreement with his wife that she should procure the policy and he assume its costs and be named as its sole beneficiary. This sets forth a valid contract of mutual promises. It related to the wife's estate. *People's Trust Co.* v. *Merrill*, 78 N. H. 540; *Adams* v. *Adams*, 80 N. H. 80. And the husband's status as such

qualified him as a proper beneficiary. Assuming the insurer's full right to refuse to be a party to the arrangement, the refusal did not impair its validity. The beneficial interest of the policy which stood in the name of the wife or her estate was capable of being placed or charged in trust by her, although the insurer declined to issue a policy giving any recognition to the trust. If the policy had been issued as requested, no question could be raised of the husband's right to all of its proceeds, and he alleges that the insured agreed that the policy should give him that right. As the agreement was intended to be forthwith effective, it amounted to a declaration of trust in his favor. It was not a promise to take future action, but a negotiation in connection with the issuance of the policy that its beneficial interest should be all his. So far at least as she or her estate was a beneficiary, she held her beneficial interest in trust for him. The situation is not different in principle from an agreement by A to buy property for B where the title if taken in A's name is held in trust by him for B.

Assuming the agreement was made as claimed, yet the administrator claims that it was either rescinded or the provision for the husband to be the sole beneficiary waived by him or his rights lost through laches, and seeks to support the claim by the finding that the policy was accepted by the parties and by the ruling that it would be inequitable to modify the terms of the policy "at this late day." Since the court acted only on the pleadings and such evidence as the policy afforded, the finding cannot be sustained. If the husband had no knowledge that the policy did not make him the sole beneficiary, it cannot be said that there was either rescission of his contract with his wife or a waiver by him of its terms in his favor. Delivery and possession of the policy was at best inconclusive proof of knowledge of its contents, and even such knowledge might not be conclusive to show rescission or waiver. The insurer's known refusal to make the husband the sole beneficiary was not incompatible with the continued imposition of the trust. It might be consistent to take no action to induce or compel the insurer to reform the policy and at the same time rely on the contract with his wife to secure his rights to all of the insurance money, at least if she died childless. While the fact of knowledge may lead to the conclusion of rescission or waiver, the conclusion is not a necessary one.

The ruling that reformation of the policy should be denied because it was not sooner sought appears to be based on a finding of laches on the husband's part. Since reformation was properly denied, although

for other reasons, consideration of the point is technically immaterial. But if it was meant to be a general finding that the husband had slept upon his rights, it may be said that as the case stands with reference to further proceedings, laches would not appear available as a bar. If there was a contract between husband and wife as claimed, and it was neither rescinded nor waived, the trust thereby established was not lost by mere inaction and failure of effort to have the policy adopt it.

Under the bill of interpleader the husband is entitled to a trial on his claim that the money paid into court belongs to him as impressed with a trust which has not been discharged.

*Exceptions sustained in part.*

PEASLEE, C. J., was absent: the others concurred.