## STACKBERGER *v.* MOSTELLER.

An agreement to lease land for the term of two years, at a rent equal to the full rental value of the premises, the occupation to commence at a future day, is an agreement relating to an interest in land, and under s. 16, c. 28, R. S. 1843, and notwithstanding the exception in that section relating to leases not exceeding the term of three years, to be valid, it must be in writing.

A suit will not lie upon an oral agreement for such a lease on account of the refusal of the lessee to deliver possession of the premises at the time appointed.

APPEAL from the *Tippecanoe* Court of Common Pleas.

STUART, J.—Assumpsit on a verbal agreement in relation to a lease of lands. There are several counts, the substance of which is, that in *January,* 1850, the defendant, *Mosteller,* had "agreed, rented and to farm let" to the plaintiff, a certain farm, dwelling-house and outhouses situate thereon, in, &c., for the term of one year from *March,* 1850; that the farm had a hundred acres of tillable land, suitable for corn, grain, &c., which, at the instance of the defendant, the plaintiff was to cultivate, rendering as rent therefor, one-third of the corn, &c., raised thereon—averring the rent thus reserved to be a full compensation

for the use of the premises. The plaintiff further avers that he was at great expense in preparing to enter on the land. He also avers that on the 1st day of *March*, 1850, he was ready and willing, on his part, to enter, &c.; that he demanded of the defendant the possession, which the latter wholly failed and refused to give; whereby the plaintiff lost the profits of the land, &c. Damages, 500 dollars. Trial by the Court on the general issue, and finding for the defendant. The plaintiff appealed.

A bill of exceptions, taken during the progress of the trial, discloses the only point in controversy.

The plaintiff admitted the leasing to be by verbal contract; and that such contract was the only one on which he had any evidence to offer. The defendant admitted that he had contracted verbally as alleged in the first count. Two witnesses were offered by the plaintiff to prove the damages he had sustained by reason of the breach, &c., but, the defendant objecting, the objection was sustained, for the reason that the Court was of opinion no action could be maintained on such verbal contract.

The one party relies on the 16th sec. c. 28, R. S. 1843, and the other on the clause in the same section excepting leases not exceeding three years. What constitutes the 16th section in our statute of frauds, is divided into two sections in the *English* statute—the exception forming a second and distinct section. The clause referred to reads, "except," &c., "all leases not exceeding the term of three years from the making thereof, upon which the rent reserved shall amount to at least one-half of what the rent thereof is really worth." The *English* statute requires the "rent reserved to be two-third parts, at the least, of the full improved value of the thing demised." In other respects, ours is a substantial copy.

We are referred to *Inman* v. *Stamp*, 1 Starkie R. 12, as a leading authority in point. That was an action of assumpsit for not occupying the plaintiff's premises according to contract. It appeared that the defendant had agreed verbally to take the plaintiff's apartments from

the next ensuing Christmas, for a term not exceeding three years, at a stipulated rent payable quarterly. Relying on this verbal contract, the plaintiff took down from his window the advertisement of "lodgings to let." The day before Christmas the defendant notified the plaintiff of his intention to abandon the agreement. *Ellenborough,* C. J., held that this was a contract for an interest in lands, within the meaning of the statute of frauds, and was, therefore, void. But it was also intimated that had the defendant entered into possession of the premises, it would have been otherwise; for such entry would have been part execution of the contract.

Only change the position of the parties, and the case of *Inman* v. *Stamp* is the case at bar. There the lessor sued the lessee for refusing to take possession according to contract. Here the lessee sues the lessor for refusing to deliver possession. If the former is void as against the policy of the statute of frauds, it would be difficult to find any good reason for sustaining the latter. The authority seems conclusive against the plaintiff unless the case in *Starkie* has been overruled; and we cannot find that it has been. On the contrary, we find it recognized by *Bailey,* J., as a leading authority—saying that, unless *Inman* v. *Stamp* could be successfully impeached, it must govern the case then under consideration. *Edge* v. *Strafford,* 1 C. & J. 391.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Mace* and *W. C. Wilson,* for the appellant.

*Z. Baird* and *R. C. Gregory,* for the appellee.