———o———

## HUFFMAN v. STARKS.

STATUTE OF FRAUDS.—*Parol Lease.*—*To Commence in Futuro.*—A parol lease of lands for the term of one year, to commence thirty days after the making of the contract, is valid within the Statute of Frauds; and the lessee may maintain an action against the lessor to recover possession according to the terms of the lease.

SAME.—It seems that the parties to such a lease may have such remedies for violations of the contract as would appertain to violations of other valid contracts. *Stackberger* v. *Mosteller,* 4 Ind. 461, questioned.

APPEAL from the Elkhart Circuit Court.

FRAZER, C. J.—This was a suit upon a parol lease of lands for the term of one year, to commence some thirty days af-

ter the making of the contract. The action was by the lessee against the lessor, to recover possession, the facts being stated in the complaint circumstantially. The court below sustained a demurrer to the complaint, and the plaintiff appeals.

The only question to which our attention is invited is, whether the contract is within the Statute of Frauds, 1 G. & H. 349–50.

It is certainly as plain as anything can be, that, under the statute, a parol lease for a term not exceeding three years is valid, whether executed by taking possession or not. There is no room for argument about that proposition; and it follows, that the lease stated in the complaint was a valid lease. By its terms, the lessee was to have possession of the premises, and the lessor would be entitled to the rents. If binding upon one party, it was likewise binding upon the other. If valid as a lease, it must give the lessee the right to occupy the premises according to its terms and conditions, and a remedy of some kind for the privation of that right would follow. It is a solecism to say that the contract was obligatory, and yet that it cannot in any manner be enforced. What the remedy for its enforcement is, remains the only question, then, necessary to the decision of the case before us. It is a general proposition, that one who is entitled to the possession of real estate may recover such possession by a suit for that purpose; and we know of no authority or reason for making a lessee an exception to that rule. Possession is the specific thing for which the lessee contracted, and if the law will not give him that, or damages for its privation, it is not perceived how the contract can be held to be binding upon the lessor.

The appellee relies upon *Stackberger* v. *Mosteller*, 4 Ind. 461. That case was assumpsit by the lessee against the lessor upon a parol lease for a year, to commence about sixty days after the making of the contract. It was sought to recover, not possession, but damages for refusing to give possession, and it was held, on the authority of *Inman* v.

*Stamp*, 1 Stark. 12, that the action of assumpsit would not lie. *Inman* v. *Stamp* was assumpsit by the lessor against the lessee for not occupying the premises according to a parol lease. It was a *nisi prius* case, and it was held, that the suit would not lie. The case was commented upon in the Exchequer, in *Edge* v. *Stafford*, 1 C. & J. 391, and recognized as being well decided under the English Statute of Frauds, 29 Car. II. c. 3. It was distinguished from *Ryley* v. *Hicks*, 1 Stra. 651, in which it was held, where the suit was to recover rent, that a parol lease to commence *in futuro* is valid if it do not exceed three years from the making. *Edge* v. *Stafford* was assumpsit against the tenant for failure to take possession and pay rent under a parol lease for two years, to commence a fortnight in the future. It was held, following *Inman* v. *Stamp*, that the action would not lie. It was admitted that the demise was valid, and that *Ryley* v. *Hicks* was correctly decided, and it was conceded that if such a parol lease contained an unqualified promise to pay rent, the lessor might recover the rent though the tenant refused to occupy. And it was said, that whatever remedy can be had upon such a lease, in its character of lease, may be resorted to.

The doctrine to be deduced from these cases is, that where there is a valid parol demise, and an unqualified promise to pay rent in consideration thereof, the possession may be recovered by the tenant, and the rent may be recovered by the landlord, these being remedies attaching to it "in its character of lease," to borrow the language of *Edge* v. *Stafford*; but mere damages are not recoverable for withholding the possession from the tenant, nor for his refusal to occupy. It must be conceded that it is not easy to find a satisfactory basis for this distinction in either the letter or spirit of our Statute of Frauds. The lease is undoubtedly valid, and there is nothing in our statute indicating a purpose to deny to the parties such remedies for violations of the contract as would appertain to violations of other valid contracts. The English statute is couched in phraseology

not quite as plain as ours.    Under that there is some room for holding that the second section, which excepts leases not exceeding three years from the operation of the first section, does not except them from the operation of the fourth section, which denies any action to charge any defendant upon a contract for the sale of any interest in lands, or which is not to be performed within a year, unless such contract is in writing.    And Mr. Chitty supposes this to be the ground upon which the English cases are put.    Chit. Con. 345.    But a more recent case in the King's Bench, *Bolton* v. *Tomlin*, 5 Ad. & E. 856, denies this doctrine, and its reasoning seems inconsistent with *Inman* v. *Stamp* and *Edge* v. *Stafford*, and intended to question those cases.

There is not, however, in our Statute of Frauds, as it seems to a majority of the court, any opportunity for a construction which will hold such leases valid and yet deny a right of action for their violation.    It is merely enacted that no action shall be brought in certain cases, enumerating them, unless the contract be in writing, "excepting, however, leases not exceeding the term of three years." It would violate all known rules of construction to say that the exception only applies to a part of the section in which it is found.    Indeed, this statute is, in this particular, so plain that there seems to be no room for construction.    We are constrained to believe that the case in 4 Ind. was decided without giving close attention to its language.    That interpretation of the English statute was, to say the least, of very doubtful soundness, and could only be maintained upon a basis of reasoning which was exceedingly artificial.    That this was felt in the Exchequer, must be obvious upon a careful reading of the opinion in *Edge* v. *Stafford*.    If questionable there, it must be wholly inadmissible here.    This subject has received the attention of the Court of Appeals of New York, under a statute like ours, where leases for a limited period are excepted from the provisions which constituted the first and fourth sections of the English statute;

and there was no hesitation in holding that the contract was valid in law for every purpose. *Young* v. *Dake*, 1 Seld. 463.

Judgment reversed, with costs, and cause remanded, with ·direction to overrule the demurrer.

GREGORY, J.—I do not agree with the majority of the court in the opinion just pronounced.

In my judgment, *Stackberger* v. *Mosteller*, 4 Ind. 461, is decisive of the question involved in the case at bar. If a suit will not lie upon an oral agreement for such a lease on account of the refusal of the lessor to deliver possession of the premises at the time appointed, it is difficult to see how an action for the possession can be maintained by the lessee whilst the agreement to let is executory, and not consummated by the taking possession.

Mr. Washburn, in his work on real property, says, "It remains to consider the effect of the statute of frauds upon parol leases, as it will be found that these vary essentially in their provisions in respect to such leases. ·But it is believed they all, with the exception of New York, agree in this, that if the agreement to let be executory, and not consummated by the lessee's taking possession, it cannot be enforced; if it be by parol the statute prohibits any action upon such a contract." Washb. Real Prop. b. 1, ch. 11, § 2, 31.

In the well considered case of *Edge* v. *Stafford*, 1 C. & J. 391, the court say, "the Statute of Frauds provides, that no action shall be brought whereby to charge any person upon any contract or sale of any lands or any interest in or concerning·them, unless such contract were in writing; and in *Inman* v. *Stamp*, Lord ELLENBOROUGH ruled, that a contract for letting lodgings was a contract for an interest in lands; and that an action could not be maintained against the party who had refused to perform his agreement for taking them, because there was nothing to bind him but a verbal agreement. It was supposed, upon the argument, that *Ryley* v. *Hicks*, Stra. 651, was at variance

with *Inman* v. *Stamp*, but I cannot see what bearing one of those cases has upon the other. The only point decided in *Ryley* v. *Hicks* is, that a lease, though it were to commence *in futuro*, would be within the exception in the Statute of Frauds, if it did not exceed three years from the making; but how that bears upon the decision in *Inman* v. *Stamp*, I do not see. It may be said, that it is strange that the second section of the statute has made a lease for less than three years from the making valid,'and yet, that no action shall be maintainable upon it until it is made effectual as a lease by the entry of the lessee; but, first, the legislature might intend to make a distinction between those cases in which the complaining party was contented to confine himself to its operation as a lease, and sought nothing more than as a lease it would give him, and those in which he went further, and founded upon it a claim for damages, which might far exceed what he could claim under it in the character of a lease; or, secondly, this distinction might not have been contemplated, but may be the result of the true construction of the statute of frauds." Again, the court say, "the defendant, by the lease, has an *interesse termini* only; the agreement upon which the action is founded, is to force him to take an ulterior interest, and clothe himself with the possession."

The agreement to deliver possession of the premises in the future constitutes no part of the term as such, and is distinct from it.

It is this agreement to deliver the possession of the premises in the future which is rendered void by the Statute of Frauds. It is an interest in land, and must be in writing to be valid. It is not enough to say that it is an incident of the lease as such, and that the lease cannot be valid without this incident; that argument is fully met and answered in *Edge* v. *Stafford, supra.*

It is difficult to see any distinction between our Statute of Frauds and the English statute. In the latter, leases not exceeding three years from the making are declared

valid by an independent section, applying to the whole act; in the former, such cases are excepted out of the operation of the statute. It would seem but fair to hold that the English statute is as broad as our own.

*H. D. Wilson* and *J. D. Osborn,* for appellant.

*A. S. Blake* and *R. M. Johnson,* for appellee.