## MARGARET McGUFFIE v. JOHN G. CARTER.

*Complainant in statutory proceedings to recover possession of lands must show right to possession.*

Where proceedings to recover possession of land are brought against a tenant holding over, the latter may show that the complainant had parted with his title before bringing the proceedings, and was no longer entitled to possession.

Proceedings to obtain possession of land under Comp. L., ch. 211, cannot be entertained if the complainant does not show himself lawfully entitled to possession.

Error to Jackson. Submitted Jan. 9. Decided Jan. 20.

PROCEEDINGS TO RECOVER POSSESSION OF LANDS. Defendant brings error.

*Thomas A. Wilson* for plaintiff in error. A warranty deed transfers the right to bring suit to recover posses-

| 42 | 497 |
|----|-----|
| 98 | 85 |
| 42 | 497 |
| 109 | 526 |
| 42 | 497 |
| 117 | 75 |
| 42 | 497 |
| 118 | 614 |

sion of the lands deeded, *Vos v. Dykema*, 26 Mich., 399; *Bennett v. Robinson*, 27 Mich., 26; *Perrin v. Lepper*, 34 Mich., 292; a tenant may show that his landlord's title has terminated or been assigned, 1 Taylor's L. & T., §§ 629, 707; 1 Washb. R. P., 370; Tyler on Ejectment, 166, 556; *Hoag v. Hoag*, 35 N. Y., 469; *Pierce v. Brown*, 24 Vt., 165; *Jackson v. Rowland*, 6 Wend., 666; *Binney v. Chapman*, 5 Pick., 124.

*Austin Blair* for defendant in error.     A tenant is estopped from denying his landlord's title in a suit brought by the latter to recover possession according to the terms of the lease, *Bertram v. Cook*, 32 Mich., 521; *Milsap v. Stone*, 2 Col., 137; *Jackson v. Harder*, 4 Johns., 210; *Jackson v. Walker*, 7 Cow., 637; 1 Greenl. Ev., § 25; cases in which a tenant may show that his landlord's title has terminated are those in which the title is in issue and the plaintiff must recover by virtue of his own title, or where the title has terminated by its own limitation or by operation of law, *Nellis v. Lathrop*, 22 Wend., 121.

GRAVES, J.   This was a summary proceeding commenced before the judge of probate to recover the possession of eighty acres of land. Comp. L., ch. 211. The defendant in error, who was complainant, obtained judgment, and Mrs. McGuffie appealed.   The action was tried in the circuit court without a jury, and the complainant again recovered.   She then brought error.

It appears from the finding that Carter, the complainant, on the 15th of April, 1878, at a foreclosure sale in a cause in chancery between one Cynthia Hobart, complainant, and Mrs. McGuffie, defendant, became the purchaser of the premises in question, and that the sale was duly confirmed and carried out by conveyance; that Mrs. McGuffie was then and for some time previous had been in possession, and that shortly after such conveyance it was agreed between herself and Carter that she

should remain and cultivate the premises until March 1st, 1879, and have the privilege to plant and put in spring crops, rendering to Carter one-third, but surrendering possession on said 1st day of March. The agreed share of the crops was delivered, but Mrs. McGuffie remained in possession, and in the forepart of March Carter served a writing upon her by which he claimed to be entitled to possession and required her to surrender it to him. On the 15th of February, 1879, and sometime prior to this demand of possession, Carter conveyed the premises in fee simple to Mary K. Reed, and thereby extinguished all his title and right of possession.

He commenced this action on July 3d, 1879, and Mrs. McGuffie was then in possession. The question in the case is whether it was competent for her to resist the claim of Carter by showing his conveyance. The circuit judge was of opinion that she was bound to give possession to him on his request and was estopped from showing the change of title.

I am not able to concur in this view. The general doctrine is not questioned. The rule is familiar that both tenants and those in privity, either in blood or estate, are estopped from disputing the title of the landlord or the title of any one who succeeds to his rights, so long as they hold the possession originally derived from him. But this principle does not forbid the tenant from showing that the landlord's title has expired or has been extinguished by his own act or by operation of law. *Lamson v. Clarkson*, 113 Mass., 348; *Fuller v. Sweet*, 30 Mich., 237; *Hilbourn v. Fogg*, 99 Mass., 11; *Despard v. Walbridge*, 15 N. Y., 374; *Mountnoy v. Collier*, 1 El. & Bl., 630: 16 E. L. & E., 232.

It is an indispensable condition in this kind of action that the complainant is lawfully entitled to the possession, and unless he shows himself to be so, the jurisdiction fails (*Bryan v. Smith*, 10 Mich., 229), and the authorities holding that one who has succeeded by grant to the estate and right of the landlord can maintain the

proceeding, very strongly if not conclusively imply that the grantor cannot. *Howard v. Merriam,* 5 Cush., 563–584; *Hayden v. Ahearn,* 9 Gray, 438; *Rabe v. Fyler,* 10 Sm. & M., 440. The complaint before us alleged expressly that complainant was entitled to possession, and the plea put the fact in issue, and this issue concerned the state of things existing at the institution of the proceeding, and not at the time of Mrs. McGuffie's entry or at the time of her agreement with Carter. The claim made by defendant is not one to dispute any right or pretended right of Carter at the time of the lease. His ownership and right of possession at that date are conceded. The position is that Carter subsequently extinguished his title and right of possession, and as between him and his grantee estopped himself from setting up any claim; that by his own act he disentitled himself and placed Mrs. McGuffie under a duty to surrender to another and not to himself; and in my judgment it was competent for her to show this change of relation and new duty caused by complainant himself. The court in Massachusetts says it is well settled that the tenant is not estopped to deny that subsequent to his own entry the lessor has put an end to his title by his own act (*Hilbourn v. Fogg,* supra), and in New York the court observes that if the landlord die during the tenancy and a contest arises with the heir, the tenant cannot dispute the title of the ancestor, but he may show a devise to a third person; that were it otherwise the tenant would be at the mercy of both heir and devisee. He could defend himself against neither; and reference is made to *Jackson v. Rowland,* 6 Wend., 670, where it is said: "A tenant cannot dispute the title of the landlord, so long as it remains as it was at the time the tenancy commenced; but he may shew that the title under which he entered has *expired,* or been *extinguished.*" *Despard v. Walbridge,* supra, and see *Lancashire v. Mason,* 75 N. C., 455.

According to the facts in the record it was competent

beyond question for Carter's grantee to institute an action for possession at the very time this proceeding was commenced; and if the view of the circuit court is correct, then, in case each of said parties had sued her, Mrs, McGuffie must have been placed, in the language of the Court of Appeals, "at the mercy of both," and could have defended against neither. The law will warrant no such result.

I think the judgment should be reversed with costs and a new trial granted.

The other Justices concurred.