WILLIAM STYLES v. J. E. RECTOR.

(No. 871, Op. Book No. 2, p. 148.)

APPEAL from Travis County. Opinion by QUINAN, J.

§ **957.** *Statute of frauds; verbal lease of land; construction of statute.* Article 2464 of the Revised Statutes provides that no action shall be brought whereby to charge any person upon any contract for the sale of real estate, or the lease thereof for a longer term than one year; or upon any agreement which is not to be performed within the space of one year from the making thereof, unless such promise or agreement upon which the action is brought, or some memorandum thereof, shall be in writing, and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized. The two clauses in the article above recited relate to distinct subjects and are independent of each other. The first clause was intended to affect all con-

tracts relating to lands, and would, of necessity, embrace leases for a term of a year, but for the special exception of them out of its operation. The second clause was intended to embrace other executory agreements or contracts, and upon these the prohibition is imposed that they are to be performed within one year from the making thereof. Had it been the intention of the legislature that the words, "from the making thereof," should be applied also to leases for the term of one year, it is fair to presume that these words would have been added to that clause also. But that clause speaks of the term only — the time during which the lease is to continue, and the lessee to possess the land. The time between the making of the lease and the commencement of it in possession is no part of the term. The English statute of frauds [29 Car. II, chap. 3, sec. 2] excepted from its operation leases for the term of three years, expressly defining the time when the term should begin. It says, "all leases not exceeding the term of three years from the making thereof," and under this statute it was held that a parol lease to commence *in futuro* could not be enforced. [1 Wash. Real Prop. 531.] But in New York, Iowa, Indiana, and other states where the language of their statute of frauds is substantially the same as ours, the contrary has been held. In Huffman v. Starks, 31 Ind. 475, it was determined that when a parol lease of land for the term of one year, to commence thirty days after the making of the contract, was made, the lessee might maintain an action to recover possession according to the terms of the lease, or an action for such other remedy as would appertain to any valid contract. [See in support of this doctrine, Iowa Code, sec. 2410; Soby v. Brisbee, 20 Iowa, 105; N. Y. Rev. Stat. chap. 8, title 12, secs. 2–6; Young v. Dake, 1 Selden, 466; Taggard v. Roosevelt, 2 E. D. Smith, 100.] The statute throws no obstacle in the way of a parol lease for one year, to commence *in futuro;* and there is nothing in the common law to prevent it; and in accordance with this view of the law, the parol

lease in this case, which was for the term of one year, commencing *in futuro,* was held to be valid.

June 23, 1880.                                    Affirmed.