ALONZO VINCENT v. JOHN E. DEFIELD.

*Landlord and tenant—Summary proceedings—Right of possession.*

A lessor who, before the termination of the lease, relets the premises to another tenant for a term to commence at the expiration of the former lease, and contracts to put the second lessee into possession, can maintain summary proceedings against the first tenant on the expiration of his term, if he refuses to surrender possession.

Error to Berrien.   (O'Hara, J.)   Argued November 1, 1893.   Decided December 8, 1893.

Summary proceedings to recover the possession of land.

Defendant brings error. Affirmed. The facts are stated in the opinion.

*Potter & Potter* and *George W. Bridgman,* for appellant.

*George S. Clapp* and *George M. Valentine,* for complainant.

McGRATH, J. Defendant was a tenant under complainant. His lease expired April 30, 1892, but at the expiration of his term he refused to surrender possession, and complainant, on May 2, 1892, commenced this proceeding to oust defendant. It appears that, before the expiration of the term, complainant had entered into a lease of the premises to one E. for a term which was to commence May 1, 1892; and the sole contention is that complainant, by reason of the agreement with E., had not the right to possession when these proceedings were instituted.

E. held a contract for possession of the premises. By the terms of that contract, complainant was obligated to put E. in possession. Until that was done, complainant could not enforce performance on the part of E., nor could he recover rent. E. had not leased subject to defendant's tenancy, and was under no obligation to proceed against defendant. The operative character of the contract, so far as E. was concerned, depended upon defendant's surrender. The failure to vacate deprived complainant of the ability to perform, and left it optional with E. to take or not. Defendant was in no sense E.'s tenant, and the proceeding is not necessarily adverse to E.'s interests. The case is not one of two landlords, but rather one of two tenants. Complainant's title has not expired, nor has it been extinguished. In *McGuffie v. Carter,* 42 Mich. 497, and *Hansen v. Prince,* 45 Id. 519, the landlords had conveyed away all right, title, and interest in the premises, subject only to the tenants' rights; but in the present case the lease to E. cannot be said to have divested the landlord of the

power to put the lessee in possession, or of such a right of possession as is necessary for the institution of proceedings to oust the tenant holding over, and enable the landlord to carry out the contract contemplated by that instrument.

The judgment is therefore affirmed.

The other Justices concurred.