GEORGE A. ALBEY v. ANDREW M. WEINGART.

Submitted March 24, 1904—Decided June 13, 1904.

1. An action can be maintained to recover damages for the refusal of the lessor to permit the lessee to take possession of the demised premises under a valid parol lease.
2. Where the damages claimed are continuing and cannot be fully ascertained at the time suit is commenced, such damages only as have accrued at the time the suit is instituted can be recovered in such suit.

On appeal from the New Brunswick District Court.

Before Justices VAN SYCKEL and FORT.

For the plaintiff, *George S. Silzer.*

For the defendant, *Theodore B. Booraem.*

The opinion of the court was delivered by

VAN SYCKEL, J. On the 21st day of October, 1903, Albey, the plaintiff, rented of Weingart, the defendant, certain rooms in a dwelling-house in New Brunswick, possession of which were to be given on the first day of November, 1903.

No term was agreed upon, but rent was to be paid monthly, at the rate of $30 per month.

The letting was by parol, no money having been paid by the plaintiff.

On the 29th day of October, 1903, the defendant notified the plaintiff that he had rented the rooms to another person and that plaintiff could not have them.

In the meantime the plaintiff (with a family, consisting of himself, his wife and two children) gave up the possession of a house he had been occupying in Orange, New Jersey.

After service of the said notice the plaintiff endeavored to obtain another house in New Brunswick, but failed to secure one suitable to his circumstances.

He moved his furniture and family to New Brunswick and brought suit in the District Court to recover damages for the loss he sustained by the refusal of the defendant to give him possession. It does not appear when the suit was instituted, but on the 25th day of January, 1904, he recovered a judgment against the plaintiff for damages, which he claimed had accrued, and which would thereafter accrue, up to April 1st, 1904.

Where no time is mentioned in a lease, and no annual rent is reserved, the time of the tenure under the agreement will be controlled by the interval of payments; monthly or weekly payments implying monthly or weekly tenancies. *Steffens* v. *Earl,* 11 *Vroom* 128.

Since this decision was rendered the act of 1888 (*Gen. Stat., p.* 1924) was passed, providing "that in any letting where no term is agreed upon, and the rent is payable monthly, so long as the tenant pays the rent as agreed, it shall be unlawful for the landlord to dispossess the tenant before the 1st day of April succeeding the commencement of such letting without giving the tenant three months notice in writing to quit."

By force of this statute the plaintiff was entitled to a term running to April 1st, 1904, if he paid his rent monthly, unless the landlord gave him three months notice, in writing, to terminate it at the end of any month prior to April 1st, 1904.

It does not appear in the case that such notice was given by the defendant.

The parol lease was valid, although the right to possession was to accrue on the 1st day of November, 1903.

In *Birckhead* v. *Cummins*, 4 *Vroom* 44, it was held that under such a lease the landlord could recover the rent reserved.

The defendant, at the close of the plaintiff's case in the District Court, moved for a nonsuit, on the ground that the agreement was a contract for an interest in land, and that an action would not lie for damages for the breach of such a contract not in writing.

*Birckhead* v. *Cummins*, 4 *Vroom* 44, and *Gano* v. *Vanderveer*, 5 *Id.* 293, are authorities to the contrary.

When *Gano* v. Vanderveer was decided, the statute of frauds contained the words: "Whereupon the rent reserved to the landlord during such term shall amount to two-third parts at the least of the full improved value of the thing demised."

The failure to show the improved value of the premises in that case was one of the grounds upon which the Supreme Court sustained the nonsuit granted in the trial court.

This clause is omitted in the statute of frauds as it now stands. The nonsuit was properly refused in the case under consideration.

The lease, by parol, being valid, will support any action which can be resorted to upon any valid parol agreement to recover damages for its breach.

The damages recovered in the District Court were for the alleged loss sustained by the plaintiff by reason of his inability to procure another house, and for the expense of storing his goods, and also for the loss which he claimed would fall upon him for the like reasons between the time of instituting his suit and the 1st of April, 1904.

The defendant requested the trial court to charge: "That no damages except those actually suffered at the time the suit was instituted could be recovered in this suit."

The court refused so to charge, and in that respect there was error in law. *Brewster v. Sussex Railroad Co.,* 11 *Vroom* 57; *Church* v. *Paterson Railroad Co.,* 37 *Id.* 219; *S. C.,* 39 *Id.* 399.

The plaintiff recovered full damages for his alleged loss by reason of being without a house until April 1st, 1904.

It was not shown and could not be shown that he could not have procured a suitable house between the time of commencing his suit and the 1st of April, 1904.

The judgment appealed from is therefore reversed and a new trial ordered.