(48 Misc. Rep. 538)

### ROTHMAN v. KOSOWER.

(Supreme Court, Appellate Term. November 24. 1905.)

1. PLEADING—MOTION TO DISMISS—EFFECT.

A motion to dismiss the complaint on the ground that it does not state sufficient facts to constitute a cause of action has the effect of a demurrer, and admits the allegations of the complaint.

2. LANDLORD AND TENANT—POSSESSION—FAILURE TO DELIVER—LIABILITY.

Where plaintiff, to whom premises were leased, was unable to obtain possession, owing to the possession of an occupant under a lease to the occupant's assignor, taken from him with the owner's consent, the owner was liable in damages for breach of his contract to give plaintiff the right of entry and enjoyment.

Appeal from City Court of New York.

Action by Jacob Rothman against Abraham Kosower. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before SCOTT, P, J., and GILDERSLEEVE and MacLEAN, JJ.

Benjamin F. Spellman, for appellant.

Aaron H. Schwartz, for respondent.

GILDERSLEEVE, J. The plaintiff's complaint was dismissed at the opening of the trial, upon motion made by the defendant, upon the ground that it did not state facts sufficient to constitute a cause of action. This is similar in effect to a demurrer upon those grounds, and therefore all the allegations contained in the complaint must be taken as true. The complaint alleges, in substance, that on August 1, 1904, the plaintiff, by a written lease executed by the parties, leased from the defendant certain premises in this city for the term of three years, the term to begin on May 1, 1905, the yearly rental being $420, payable monthly, and that plaintiff was required by the terms of the lease to, and did, deposit the sum of $140 as security for the faithful performance of the conditions of the lease. It also alleges the payment of the rent for the month of May, 1905. It further avers that at the time the lease was executed one Sandler was occupying the premises, and that upon attempting to obtain possession of said premises on May 1, 1905, said Sandler was still in possession of said premises and claiming them by virtue of a lease executed by the defendant to one Deutschman in October, 1904, and assigned by Deutschman to Sandler; this lease also being for the same term and to commence at the same time (May 1, 1905) as the lease given in August by the defendant to the plaintiff. It further

alleges that demand for the possession of the premises was made upon the defendant; that at the request of the defendant the plaintiff instituted summary proceedings against Sandler in a municipal court; that Sandler interposed an answer setting up the lease made by defendant to Deutschman, its assignment to Sandler with the consent of the defendant, and the possession of the premises by Sandler under and by virtue of such last-named lease; a trial in the Municipal Court of the issue thus raised; that defendant was present at such trial as a witness, and also by his personal counsel; that the aforesaid trial resulted in the dismissal of plaintiff's petition upon the ground that Sandler was entitled to the possession of said premises by virtue of the lease made by defendant to Deutschman and by him assigned, with the consent of defendant, to Sandler. And it also sets forth several items as constituting a basis for damages, and asks a judgment for the sum deposited, the rent paid, and the damages sustained, etc.

We fail to see why the complaint fails to state a cause of action. It is clear that the plaintiff was kept from enjoying the rights and privileges of his lease by the act of the landlord himself, and it has frequently been held that in such a case the plaintiff may resort to his action for damages. Trull v. Granger, 8 N. Y. 115; Sullivan v. Schmitt, 93 App. Div. 471, 87 N. Y. Supp. 714; Smith v. Barber, 96 App. Div. 236, 89 N. Y. Supp. 317. Sandler was lawfully in possession of the premises, and his right thereto was equal to that of the plaintiff, and he had acquired such right of possession, as well as the actual possession, of the premises by virtue of the lease given his assignor and taken from his assignor with the consent of the defendant. The plaintiff's right to maintain summary proceedings against Sandler could only exist upon showing that the conventional relation of landlord and tenant existed between the latter and the plaintiff, and that Sandler wrongfully withheld possession. Neither of these conditions existed. In Goerl v. Damrauer, 27 Misc. Rep. 555, 58 N. Y. Supp. 297, the lease given by the landlord to the defendant was to take effect September 1st. At the time of its execution the premises were occupied by a tenant. This tenant held over beyond the 1st of September, and by reason of the failure of the landlord to give the required notice dispossess proceedings begun in September resulted in favor of the tenant. Subsequently in October the tenant was dispossessed and the landlord requested the lessees to take possession, which they refused to do. It was held that it was necessary for the landlord to give the lessees the legal right of entry and enjoyment, that he had obligated himself to give legal possession on September 1st, and by "his own acts, or rather omission to act, in that he failed to give the statutory notice to Sheritz, defeated his right of entry, and he could not confer on his lessees a right which he himself did not enjoy, and, having violated his contract, the lessees were released from all liability under the lease and never became the tenants of the respondent." In the case at bar the defendant by his own act defeated any right of the plaintiff to obtain possession of the premises, and the plaintiff's remedy is against him for breach of the contract to give the plaintiff the right of entry and enjoyment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.