### JANE MAILLY v. ROBERT ELLIOTT.

Argued January 15, 1910—Decided February 25, 1910.

1. Claims against an executor in his representative capacity and as an individual cannot be joined.
2. Where claims against an executor in his representative capacity and as an individual are joined in the same action, and judgment entered against him in both capacities, advantage thereof may be taken on proceedings in error.
3. Where a judgment of the District Court is reversed on *certiorari* for an error not decisive of the merits, the case will be remitted for a new trial.

On *certiorari* to First District Court of Jersey City.

For the prosecutor, *Samuel A. Besson.*

For the defendant, *Louis G. Morten.*

The opinion of the court was delivered by

SWAYZE, J. The record of the judgment of the First District Court of Jersey City shows a judgment against Jane Mailly, individually and as executrix of James Mailly, deceased, for a single debt. The rule is well settled that claims against an executor in his representative capacity and as an individual cannot be joined, for the reason that in one case the judgment would be *de bonis testatoris,* and in the other, *de bonis propriis* (1 *Chit. Pl.* 204, 205; *Terhune* v. *Bray,* 1 *Harr.* 53), although it has been held by this court, following Lord Ellenborough's remark in *Cowell* v. *Watts,* 6 *East* 405, that counts may be joined where the fund out of which the damages are to come or to which they are to be applied, is the

same. *Reeve* v. *Cawley,* 2 *Harr.* 415 (at *pp.* 418, 419). That rule does not help the judgment in the present case, for, so far as the judgment record itself indicates, the judgment against the defendant individually is not to be satisfied out of the assets of the estate. If it were to be, it is difficult to suggest a reason why the judgment should have been entered in this form. The only object for thus entering it must have been to hold both the property of the testator and the individual property of the executrix. This brings the case within the reason of the rule forbidding the joinder of such causes of action. Similar cases are to be found in the New York reports. It is sufficient to cite *Myer* v. *Cole,* 12 *Johns.* 349; *DeMott* v. *Field,* 7 *Cow.* 58.

Advantage may be taken of a misjoinder, not only by a demurrer or motion in arrest of judgment, but also by proceedings in error. 1 *Chit. Pl.* 205; *Cooper* v. *Bissell,* 16 *Johns.* 146. This case was held inapplicable to the situation which existed in *Lovett* v. *Pell,* 22 *Wend.* 369, for the reason that the only misjoinder in that case was of a count in covenant with a count in *assumpsit,* but the court recognized that there were cases of misjoinder which must necessarily produce an erroneous judgment, so as to deprive the defendant of some substantial right, and cited, as an instance, the case of the joinder of a count against an executor or administrator for a debt due from the decedent, with a count for a debt due from the defendant personally. And this court, upon a *certiorari* to the Common Pleas, upon an appeal from the Court for the Trial of Small Causes (which was a proceeding substantially like the present), held that there was error because separate causes of action were misjoined. *Wills* v. *Shinn,* 13 *Vroom* 138.

If it is true, as the state of demand seems to indicate, that the only claim against the defendant as executrix is for funeral expenses, it may be possible to amend the record and let the judgment stand as a judgment against the defendant individually, since the liability of the executor for funeral expenses is in the first instance an individual liability, with the right to priority of payment by way of reimbursement out of

the estate. 3 *Wms. Ex.* (*6th Am. ed.*) 1886; *Ferrin* v. *Myrick,* 41 *N. Y.* 316; *Luscomb* v. *Ballard,* 5 *Gray* 403. No application for. that purpose was made by the defendant in *certiorari,* the plaintiff below; and his argument that under our statute the estate of the decedent is liable for the debt directly to the plaintiff, indicates that what he really desires, is to hold the estate and not the individual defendant, as is permissible under *Campfield* v. *Ely,* 1 *J. S. Gr.* 150. He ought not to be deprived of the right, if he has it, by an amendment which may make this judgment stand as a judgment against the defendant individually only.

It would be equally possible to amend by making the suit one against the defendant as executrix only but for the fact that an examination of the state of demand shows that it contains a claim for moneys loaned to the defendant, and there is nothing to indicate that the estate could in any way be held liable for that portion of the claim.

The judgment must therefore be reversed, and the record remitted to the District Court for a new trial. *Marcus* v. *Graver,* 42 *Vroom* 95.