IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1923, IN THE ONE HUNDRED EIGHTH AND ONE HUNDRED NINTH YEARS OF THE STATE.

---

### LIPPOLD ET AL. *v.* MESSNER.

[No. 11,623.   Filed May 29, 1923.]

LANDLORD AND TENANT.—*Lease of Rented Property.—Right of Action by Landlord for Possession.*—Where premises occupied under lease were leased to another, such lease providing that it was to commence thirty days from the date the latter lessees obtained possession, and that the lessor should not be under any obligation to turn over the property on any specific date, and that the property should be turned over to the lessees when vacated by the tenant in possession, whose lease was to expire on a certain date, *held* that, on the refusal of the occupying tenant to surrender possession at the expiration of his lease, the lessor could maintain an action for possession against him.

From Fountain Circuit Court; *O. B. Ratcliff,* Judge.

Action by Samuel B. Messner against Edward E. Lippold and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*C. Lewis Green, Edwin F. McCabe, Charles E. McCabe* and *Edward L. McCabe,* for appellants.

*C. V. McAdams, Harry P. Schultz* and *W. N. White,* for appellee.

NICHOLS, J.—Action by appellee, as landlord, against appellants, as tenants, to recover possession of a theatre building in the city of Attica, Indiana, upon the ground that the lease, which was made a part of the complaint, had expired before the beginning of the action.

The action was begun before a justice of the peace and appealed to the circuit court where judgment was rendered in favor of appellee for possession and $520 damages.

The only error relied upon for reversal is the action of the court in overruling appellant's motion for a new trial, appellants contending that the judgment was not sustained by sufficient evidence and was contrary to law. It appears by the undisputed evidence that appellant's lease of the premises involved expired August 1, 1922, and that their failure to deliver possession after the expiration of the lease resulted in this action.

On April 27, 1922, appellee rented said real estate by written lease to the Hornbeck Amusement Company, such written lease containing, among other things, stipulations that the lease should be for a period of one year from August 1, 1922, with a provision that the lease should commence thirty days from the date the lessees obtained possession of the premises and should continue one year from that date and that the lessor should not in any way be responsible or under any obligation to turn over the property on any specific date or time, and, further, that the property should be turned over to the lessees when vacated by appellants whose lease was to expire August 1, 1922, and that, in the event the lessor should be unable to deliver possession of the premises before September 1, 1922, he should then refund to the lessees the rent paid and cancel the lease if the lessee so elected. It is the contention of appellants that appellee, having conveyed a leasehold interest in the property to another, cannot maintain this action. but

appellants' contention cannot prevail, and the author-
ities upon which they rely are not in point under the
facts in this case.    The second lease did not become ef-
fective until thirty days after appellee was able to de-
liver possession of the premises to the lessee it being
expressly provided in the lease that the lessee should
have no right of possession until the premises were va-
cated by appellants.    Under such circumstances cer-
tainly appellee had a right to sue for possession.

In *Vincent* v. *Defield* (1893), 98 Mich. 84, 56 N. W.
1104, the action was by a landlord against a tenant
holding over.    The defense was that the landlord had
leased the premises to another to commence at the expi-
ration of the lease to the current tenant, and that there-
fore the landlord had deprived himself of the right of
action.    The court, in disposing of the question says:
"Defendant was a tenant under complainant.    His lease
expired April 30, 1892, but at the expiration of his term
he refused to surrender possession, and complainant, on
May 2, 1892, commenced this proceeding to oust defend-
ant.    It appears that, before the expiration of the term,
complainant had entered into a lease of the premises to
one E. for a term which was to commence May 1, 1892;
and the sole contention is that complainant, by reason
of the agreement with E., had not the right to posses-
sion when these proceedings were instituted.    E. held
a contract for possession of the premises.    By the terms
of that contract, complainant was obligated to put E. in
possession.    Until that was done, complainant could not
enforce performance on the part of E., nor could he re-
cover rent.    E. had not leased subject to defendant's
tenancy, and was under no obligation to proceed against
defendant.    The operative character of the contract, so
far as E. was concerned, depended upon defendant's
surrender.    The failure to vacate deprived complainant
of the ability to perform, and left it optional with E.

to take or not. Defendant was in no sense E's. tenant, and the proceeding is not necessarily adverse to E's. interests. The case is not one of two landlords, but rather one of two tenants. Complainant's title has not expired, nor has it been extinguished. In *McGuffie* v. *Carter,* 42 Mich. 497, and *Hansen* v. *Prince,* 45 Id. 519, the landlords had conveyed away all right, title, and interest in the premises subject only to the tenants' rights; but in the present case the lease to E. can not be said to have divested the landlord of the power to put the lessee in possession, or of such a right of possession as is necessary· for the institution of proceedings to oust the tenant holding over, and enable the landlord to carry out the contract contemplated by that instrument. The judgment is therefore affirmed. The other Justices concurred." This case is cited with approval in *Hammond* v. *Jones* (1908), 41 Ind. App. 32, 83 N. E. 257, where the court says: "The lease of appellee 'cannot be said to have divested the landlord of the power to put the lessee [appellee] in possession, or of such a right of possession as is necessary for the institution of proceedings to oust defendant holding over, and enable the landlord to carry out the contract contemplated by the instrument.'" No other question is presented by appellants. The judgment is affirmed.